## White v. Mercer County Poor Directors et al., Appellants.

Argued April 10, 1934.

Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Murray J. Jordan,* and with him *Fred J. Jordan,* for
appellant.

*T. A. Sampson,* of *Stranahan & Sampson,* for ap-
pellee.

OPINION BY TREXLER, P. J., October 3, 1934:

T. C. White was fatally injured on November 19,
1932. He had been selected by the directors as super-
intendent of the Mercer County Home for a term of
four (4) years at a salary of $2,100 a year. He left
to survive him a widow who is claiming compensation.
She was at the time of her husband's death employed
as matron at the same institution and was receiving
$1,500 a year salary. Both her husband and she re-
ceived maintenance at the home. They lived together
in a house near the county home reporting to the in-
stitution each morning and returning to their home
each evening. On the day the claimant's husband was
injured she had requested him to take her to their
residence, her purpose being to attend some social
function that evening. After he left her there he
drove in the automobile toward the poor home and

on the way stopped at a store and purchased certain supplies for the institution. While proceeding further to his destination he met with the accident which resulted in his death. The referee awarded compensation, the board approved, the Court of Common Pleas of Mercer County sustained the award and entered judgment and the present appeal is taken therefrom by the poor directors and the insurance carrier.

The first question submitted is, Was the widow a dependent? Sec. 307, Art. 3 of the Act of June 2, 1915, P. L. 736 provides, "No compensation shall be payable under this section to a widow unless she was living with her deceased husband at the time of his death, or was then actually dependent on him for support." It seems obvious that a widow who was living with her deceased husband is entitled to compensation whether she be dependent or not, but if she does not live with him she must be actually dependent on him. The two clauses are inserted for a definite purpose. Either condition will suffice, but both are not essential. If the latter were the intention of the legislature the word "and" would have been used. There are a number of cases which rule that her dependency must be actual, but in every one of them that we have found, the widow had been living apart from her husband. There is no decision directly in point because the meaning of the section is very obvious. Several cases make obiter reference to the matter. See Hallman v. Starr Printing Co., 70 Pa. Superior Ct. 562 and Creasy v. Phoenix Utilities Co., 276 Pa. 583, 120 A. 659. In the latter case, the present Chief Justice stated, "Where the family relation does not exist, that is, where the parties are not living together, the legislature has clearly indicated that the mere fact of dependency in a legal sense is not sufficient," and further on "If the wife is dependent and the obligation

of the husband to support her is either recognized or performed the right to compensation exists as fully as if they were living together."

The second question is, Was the claimant's deceased husband an employe? The special Act of 22 March, 1850, P. L. 239 provides that the directors of the poor of Mercer County "shall have power to employ and at pleasure remove the steward or stewards, matron or matrons, physician or physicians, surgeon or surgeons and all other attendants that may be necessary for the said poor respectively." The appellants argue that as the deceased was a superintendent and not a steward, he was not an employe. One thing is certain, the enumeration of the employes which the directors are authorized to select confines them to the list there set out. Whether he be called a superintendent or steward his duties would be the same and he would be subject to removal at any time and his tenure be uncertain. They could not provide for an office, the incumbent of which was not removable. The act gave them no such power. He, therefore, had the status of a mere employe. Where the relation of master and servant exists the act applies.

Thirdly, Did the claimant's husband take himself out of the course of his employment when he was taking his wife home? If serving her convenience were the sole object of his errand we would be compelled to answer in the affirmative, but granting that when he was going toward his home he was not solely engaged in his employer's business, when he stopped at the store and purchased supplies for the poor farm and was taking them there, his act was without question on behalf of his employer and in furtherance of its purposes. The board so found and there was sufficient testimony to support the finding.

All the assignments of error are overruled and the judgment is affirmed.