# STANDARD OIL CO. v. SMITH

(No. 2181; March 18, 1941; 111 Pac. (2d) 132)

538

For the plaintiff in error, the cause was submitted on the briefs of *Hagens & Wehrli,* and *W. H. Brown, Jr.,* all of Casper.

For the defendant in error, the cause was submitted on the brief of *Joseph O. Spangler* of Greybull.

KIMBALL, Justice.

This is a proceeding in error to review an order under the Workmen's Compensation Law (§ 124-101, et seq., R. S. 1931) awarding compensation to the dependent family of a deceased workman. The reports of accident show that the workman was employed as "commission agent" by the Standard Oil Company of Indiana engaged in the "production and distribution of petroleum products." The issue, raised by the employer's report in which it was alleged that the accident did not grow out of the employment, was tried on an agreed statement of the facts. The facts are these (quoted words being the language of the agreed statement) :

The workman "at the time of his death" was operating a "bulk gasoline station" near Greybull, Wyoming. "In order to operate the station he obtained gasoline and oil" from the employer and sold it to retailers "on a commission basis." He obtained the gasoline and oil from time to time "as his business needs required;" about 95 per cent. was obtained by him from Casper, Wyoming, sometimes delivered at Greybull by the employer, sometimes hauled from Casper to Greybull by the workman in his own truck, and sometimes delivered by carriers. When the workman himself hauled the gasoline and oil it was the custom of the employer to pay him according to a fixed schedule of rates per one hundred pounds. The workman received no fixed wage or salary.

On January 25, 1940, the workman was returning to his home at Greybull from a vacation trip, "and was going to resume the work of his occupation on January 26, 1940, which was the termination of his vacation." When he came through Casper there were delivered to him by the employer two barrels of oil "which he proceeded to carry back to Greybull" in a "pick-up" truck he was driving. On the road to Greybull, 3½ miles north of Worland, at 3:30 o'clock in the afternoon of January 25, he was fatally injured in a collision with another motor vehicle. "On this same return trip to Greybull, the decedent had planned and intended * * * to stop in the towns of Manderson and Basin, Wyoming, for the purpose of picking up gasoline and oil delivery tickets and making collections of money for said oil and gasoline which had been previously delivered, and during his absence; and upon arriving in Greybull he planned and intended to do necessary work, if any, in connection with his employment, as much as the time would permit." (The distance from Casper to Greybull is 205 miles over a main highway that passes through Manderson and Basin. The work-

man had traveled 170 miles of this distance, and had not reached Manderson or Basin, when he was killed.)

"As a matter of practice the decedent, in hauling his own supplies from Casper, generally waited until he had [sic] sufficient oil and gasoline to make a load equal to between 18 and 20 barrels." The amount which would ordinarily be paid him for hauling two barrels was approximately $5.50, "not sufficient to pay the ordinary expense of traveling from Greybull to Casper and return with a pick-up truck and driver * * * and he would not ordinarily have made a trip to Casper in his pick-up truck to get two barrels of oil alone; * * * the only reason that he picked up the two barrels of oil at Casper on January 25, 1940, to take them to Greybull, was that he was returning from his vacation trip anyway and could carry that amount of oil for his business purposes without any additional expense."

The employer has been paying into the Workmen's Compensation fund the "regular employer's assessment upon the commissions earned" by the workman while he operated the bulk station at Greybull, and handled the products of the employer.

It was also agreed that the case should be submitted on these facts alone, and that they constituted "the whole of the material facts in this case upon all of the issues involved."

Extra hazardous employments listed in the Workmen's Compensation law include "bulk oil stations." § 124-104, R. S. 1931, last amended by § 1, ch. 118, Sess. Laws 1939.

" 'Workman' [or 'employe'] means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade

or business, or those engaged in clerical work, and not subject to the hazards of the business, or one holding an official position. Section 124-106-7 (i), R. S. 1931.

"Injuries sustained in extrahazardous employment," as used in the act, "include death resulting from injury, and injuries to employes, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in places where their employer's business requires their presence and subjects them to extrahazardous duties incident to the business, but shall not include injuries of the employe occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence;" Section 124-106-7, supra, subsection (1).

The district court found that the workman "returning from said vacation by way of Casper, Wyoming, resumed his employment in Casper by receiving there from said employer two barrels of oil for transportation to the Town of Greybull, Wyoming, * * *; that said death resulted from his employment and occurred while he was at work in a place where his employer's business required his presence; * * *."

The employer says that the controlling factor in the case is that the accident was not peculiar to the employment, but was one to which the public generally was subject, and cites cases from Montana, New York, Wisconsin, Michigan and Oklahoma, containing statements in support of the contention that an injury in such an accident is not compensable. Late cases in all these jurisdictions show that such statements were not intended to make a rule denying compensation in the case of a workman employed in an industry classed

as extrahazardous and injured in the course of his employment.

In Griffin v. Industrial Acc. Fund (Mont.) 106 P. (2d) 346, 348, it was said: "A person injured on the street or highway is entitled to compensation when, as a part of his employment, he is using the streets or highways in carrying on the work of his master." In Katz v. Kadans Co., 232 N. Y. 420, 134 N. E. 330; "But the fact that the risk is one to which every one on the street is exposed does not itself defeat compensation . . . The question is whether the employment exposed the workman to the risks by sending him on the streets, common though such risks were to all on the street." In Eagle River B. & S. Co. v. Peck, 199 Wis. 192, 196, 225 N. W. 690, 691: "It makes no difference that the exposure was common to all out of door employments in that locality in that kind of weather. The injury grew out of that employment and was incidental to it. It was a hazard of the industry." In Morse v. Port Huron & D. R. Co., 251 Mich. 309, 315, 232 N. W. 369, 371: "It is sufficient to say that it is the rule in this state that, if the employment requires an employee to go upon the public street, the ordinary hazards of the street are incurred in the course of the employment, and an injury therefrom arises out of the employment." In Wilson & Co. v. Musgrave, 180 Okla. 246, 248, 68 P. (2d) 846, 849: "To say that an employee engaged in hazardous employment as defined by the Workmen's Compensation Law can be deprived of the protection of the act merely because at the moment he may be performing some duty of a simple nature at a point where there is no machinery would be to defeat the entire purpose of the act. . . ."

We have quoted briefly from these cases, without stating the facts, for the purpose of showing that the courts whose decisions are cited on this point, recog-

nize that an injury may be compensable, though the accident was not peculiar to the industry. See, also, Ideal Bakery v. Schryver, 43 Wyo. 108, 299 P. 284, and cases cited; notes, 51 A. L. R. 509, 80 A. L. R. 126. In the case at bar, it is conceded that the workman was employed in a business classed by the legislature as extrahazardous. If at the time of the accident he was at work in that employment, the cases cited by the employer on this point are irrelevant. The real question in the case is whether the workman was injured while performing service within the scope of his employment.

It is asserted that the hauling of gasoline and oil from Casper to Greybull by the workman was not a duty performed by him in the course of his employment in operating the bulk gasoline and oil station at Greybull. We think the contrary is shown by the agreed statement of facts. It was agreed that "in order to operate the station" the workman obtained from the employer at Casper, gasoline and oil "as his business needs required," and hauled some of it in his own truck. The oil he was hauling when he was injured was "oil for his business purposes." It is also asserted that the hauling of the two barrels of oil on the day of the injury was not authorized by the employer. From the fact that the barrels were delivered by the employer to the workman at Casper, we think it was proper to infer authority and consent to carry them to Greybull.

The employer insists that when, on January 25, the workman was injured, he was still on a vacation trip. It was agreed that he "was going to resume the work of his occupation on January 26, which was the termination of his vacation." It was agreed also that at Manderson, Basin and Greybull, where, except for the accident, he would have been on the 25th, he intended to do certain things. The apparent inconsistency in

these recitals in regard to his intentions need not be discussed. We think the district court was justified in finding from the agreed facts that the workman resumed his employment in Casper by receiving there from his employer the two barrels of oil for transportation to Greybull. His absence on vacation was a temporary departure from the scope of employment, but when on the return journey he reached Casper, he was again within the area of employment that included the hauling of supplies from that point to the bulk station near Greybull, and when he continued the journey, he was acting with the intention of serving the business of the employer. Restatement of Agency, § 237; Orris v. Tolerton & Warfield Co., 201 Ia. 1344, 207 N. W. 365; Murphy v. Kuhartz, 244 Mich. 54, 221 N. W. 143; Maryland Casualty Co. v. Levine, 67 F. (2d) 816. The work created, or had a part in creating, the necessity for the travel. See Marks' Dependents v. Gray, 251 N. Y. 90, 93-94, 167 N. E. 181, 183. If the two barrels had not been hauled on that day they would have been hauled by the workman or some one else at some other time. The service was performed with the consent of the employer, and it does not seem to us important that the hauling of two barrels of oil by themselves was not according to custom and would not have justified a special trip from Greybull to Casper for that purpose. See Hansen v. Northwestern Fuel Co., 144 Minn. 105, 174 N. W. 726.

The fact that the workman in hauling the oil traveled the same highway he would have traveled to serve a purpose of his own, to return home, does not require a different holding. An act may be within the scope of employment, although done in part to serve the purposes of the workman. See Restatement of Agency, § 236; White v. Mercer County Poor Directors, 114 Pa. Super. Ct., 348, 351, 174 Atl. 834, 836; Wineland v. Taylor, 59 Ida. 401, 83 P. (2d) 988. The service of

hauling the oil required conduct that would not have been necessary to get the workman home from his vacation. There was a stop at Casper where the oil was loaded on the truck, and when travel was resumed the destination in relation to the service then being performed was not the workman's home in Greybull, but the employer's station near Greybull where it was intended that the oil would be delivered. If the workman had been injured while loading or unloading the oil, it probably would not have been contended that the injury was not sustained in the employment. We think the transportation was no less a part of the employment than the loading and unloading.

It is suggested by the employer that the workman was employed in a dual capacity, and that while hauling supplies from Casper to Greybull he was an independent contractor under principles discussed in Fox Park Timber Co. v. Baker, 53 Wyo. 467, 84 P. (2d) 736, the only case cited on the point. Counsel for claimants says this question was not raised in the trial court, and we think he is right. The agreed statement of facts recites all the facts the parties deemed material "upon all the issues involved." The only facts tending to show that the workman in hauling supplies from Casper was an independent contractor are that he used his own truck and that his pay was based on the weight of the supplies he hauled. These facts were relevant, but not conclusive. See Fox Park Timber Co. v. Baker, supra; Aisenberg v. C. F. Adams Co., 95 Conn. 419, 423, 111 Atl. 591, 592. The fact that the workman was not required to haul any definite quantity, or for any definite time, indicated a contract for service only. Kelly's Dependents v. Hoosac Lumber Co., 95 Vt. 50, 56, 113 Atl. 818, 821. Statements in the employer's brief show that important facts, that would have been material on this question, were omitted from the agreed statement of facts. It is stated in the brief that

the employer retained no right of control over the workman in hauling supplies or in selecting his helpers, but this was not shown in the agreed statement of facts, and probably would depend on the terms of the contract of employment that was not in evidence. See Gulf Refining Co. v. Brown, 93 F. (2d) 870, 874-875, 116 A. L. R. 449, 456-457. The brief also contains the statement that the hauling in his own truck could have been terminated by the workman at will without incurring any liability. This is not shown by the agreed statement, and if it were, it would be a circumstance tending to show that the workman was not an independent contractor. Fox Park Timber Co. v. Baker, 53 Wyo. 467, 488, 84 P. (2d) 736, 743.

As we do not think the question last discussed was raised or decided in the trial court, we must, on that ground, hold that it was not an issue in the case. This does not mean that the result would be different on a consideration of the sufficiency of the evidence to support a finding that the workman was not an independent contractor when hauling supplies for the station. See Slayton v. West End St. Ry. Co., 174 Mass. 55, 54 N. E. 351; Kirkhart v. United Fuel Gas Co., 86 W. Va. 79, 102 S. E. 806.

The order of award is affirmed.

RINER, Ch. J., and BLUME, J., concur.