DEVLIN v KAPLANIS

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ER-
ROR.

Findings of fact in workmen's compensation proceedings are
conclusive in the absence of fraud (MCLA 413.12).

2. WORKMEN'S COMPENSATION—WITNESSES—DUTY TO PRODUCE—STATE
ACCIDENT FUND.

The State Accident Fund, in defending against a claim for work-
men's compensation benefits, is not duty-bound to seek out and
produce each witness who will give testimony harmful to its
case.

3. EVIDENCE—FAILURE TO PRODUCE—PRESUMPTIONS—CONSTRUCTIVE
FRAUD.

A party's failure to produce evidence within its control creates a
presumption that such evidence, if produced, would be hostile
to the withholding party's position, but the nonproducing party
is not necessarily chargeable with constructive fraud for the
nonproduction of evidence.

4. EVIDENCE—FAILURE TO PRODUCE—PRESUMPTIONS.

Evidence not produced which was equally available or accessible
to both parties will not raise an adverse presumption to the
withholding party's position.

5. EVIDENCE—FAILURE TO PRODUCE—WITNESSES—WORKMEN'S COM-
PENSATION—STATE ACCIDENT FUND.

The failure of the State Accident Fund, in defending against a
claim for workmen's compensation benefits, to produce a wit-
ness who may have given testimonial evidence harmful to the
fund's position did not work a constructive fraud upon the

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 462 *et seq.*
Necessity, form, and contents of findings of fact to support adminis-
trative determinations relating to workmen's compensation, 146
ALR 123.
[2–5] 58 Am Jur, Workmen's Compensation § 458.
29 Am Jur 2d, Evidence § 178.

claimant where the witness not produced was equally within the control of both parties.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 June 22, 1972, at Lansing. (Docket No. 13148.) Decided October 26, 1972. Leave to appeal applied for.

Complaint by Lucinda Devlin, widow of Thomas E. Devlin, Sr., against Olive Kaplanis and Norman Kaplanis, doing business as the Mustang Bar, and the Michigan State Accident Fund to reopen a decision of the Workmen's Compensation Appeal Board denying benefits. Judgment for plaintiff. Defendants appeal. Reversed.

*Bruce & Kingsley,* for plaintiff.

*Anderson, Green & McKay, P. C.,* for defendants.

Before: HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

T. M. BURNS, J. Defendants appeal as of right from a November 22, 1971, decree of the Ingham County Circuit Court ordering that this case be returned to a workmen's compensation referee for rehearing, taking of additional proofs, and further decision.

The facts of the case are not materially in dispute. However, a detailed recital of the events which antedated the instant action is necessary for a proper understanding of the present appeal.

The defendants, Olive and Norman Kaplanis, owned and operated the Mustang Bar in Lansing, Michigan. Mr. Thomas Devlin was a personal friend of Norman Kaplanis and worked part-time at the Mustang Bar as a bartender. While tending bar on the afternoon of September 30, 1961, Mr. Devlin was shot and killed by Carl Cox. Cox also

shot and killed a patron during the fracas. Cox was apprehended by the police a few minutes later and subsequently confessed to the crime. His confession indicates that the shootings climaxed a period of ill feeling which had existed between him and the deceased parties. This confession was introduced in the succeeding workmen's compensation case in lieu of Cox testifying.

On October 18, 1961, an application for workmen's compensation benefits was filed by Lucinda Devlin, widow of the deceased Thomas Devlin, and by Thomas Devlin, Jr., son of the decedent. This application averred that decedent's death arose out of and in the course of his employment as a bartender at the Mustang Bar, and alleged that workmen's compensation benefits were therefore due from the Kaplanises and their insurer, Michigan State Accident Fund.

The pivotal question which the referee sought to resolve was whether decedent's demise was properly compensable under the Workmen's Compensation Act[1] as an incident arising out of his employment at the Mustang Bar. That is, if Cox had gone to the bar with the intent to shoot Devlin in order to settle a long-standing grudge, premeditation would be indicated and there would be little likelihood that Devlin's death could be said to have arisen out of his employment. On the other hand, if Cox had gone to the bar without a fixed resolve to shoot Devlin and the shooting instead resulted from a quarrel generated by Devlin's refusal to serve Cox, or by some similar disagreement, then the resulting death could properly be held compensable as arising out of Devlin's course of employment.

After a lengthy hearing, the referee decided in

---

[1] MCLA 412.1 *et seq.;* MSA 17.151 *et seq.*

favor of the plaintiffs and accordingly awarded them workmen's compensation benefits. The Workmen's Compensation Appeal Board, however, reversed the referee's decision and held that the decedent's murder was "but the end result of a longstanding personal animus on the part of Carl Cox" which was "neither caused nor precipitated by the performance of his duty as defendant's bartender". 1964 WCABO 229, 232. The Michigan Supreme Court denied plaintiffs' subsequent application for leave to appeal.

Although the Supreme Court's denial of leave to appeal appeared to be dispositive of the dispute, the decedent's widow (plaintiff herein) resurrected the case by filing a complaint in Ingham County Circuit Court on August 22, 1968. Plaintiff's complaint in effect constituted an attack upon the prior disposition of the workmen's compensation case and implied that the defendants had perpetrated a fraud upon the hearing referee and appeal board by failing to call Cox to testify during the original compensation proceedings despite their knowledge that Cox had made statements indicating his lack of premeditation and intent in the slayings.

On February 18, 1971, the case was tried before the circuit court on the issue of fraud. The two attorneys who had represented the plaintiff at the original workmen's compensation hearing testified that they had interviewed Cox in prison while preparing the case. As a result of the interview, they decided not to call Cox during the hearing. In addition, both counsel stated that no one from the defendant Michigan State Accident Fund interfered in any way with their access to Cox.

Carl Cox, although not a witness in the original proceedings, was called to the stand. He explained

that the confession which he had given to police officers was inaccurate in its statement that he had gone to the Mustang Bar to shoot both the bartender and the patron. Cox maintained that his dispute was with the patron only. The witness further stated that he could not say why he had shot the bartender. He also admitted that no one had tried to keep him from testifying in the original proceedings.

Mr. Alan Long, the lawyer who represented the Michigan State Accident Fund during the original workmen's compensation case, related that he also had interviewed Cox in prison while preparing the case. He recalled that Cox had said that he (Cox) had not meant to kill the bartender, and added that he (Long) had not challenged this statement when made because, based upon his previous investigation of the case, he regarded Cox's statement as self-serving. Witness Long also stated his belief that other evidence in his possession, including Cox's confession and statements of res gestae witnesses, adequately supported a conclusion of premeditation by Cox.

The trial court, on November 9, 1971, filed a written opinion which declared that the workmen's compensation referee should reopen the case in order to take further proofs because the "State Accident Fund did not introduce a witness whose testimony, they knew, would damage their argument of nonliability". It was also the opinion of the trial court that the State Accident Fund was obligated to introduce such a witness at the workmen's compensation hearings and that the failure to do so was constructive fraud.

Since findings of fact in workmen's compensation proceedings are conclusive in the absence of

fraud,[2] and inasmuch as the Workmen's Compensation Appeal Board resolved the compensation issue in the defendants' favor, the only question we must decide is whether or not the defendants' failure to call Cox at the original workmen's compensation proceedings amounted to fraud.

The plaintiff defends the trial court's finding of constructive fraud and argues that, like the prosecution in a criminal case, it was incumbent upon the defendant accident fund to disclose all material facts and information known, not only those favorable to its case. From this premise, the plaintiff contends that the accident fund's failure to call Cox at the original workmen's compensation hearing when it allegedly knew Cox's testimony would be damaging to its case operated as a constructive fraud. We are not persuaded by the plaintiff's argument.

The plaintiff fails to explain why the defendants in this case had a duty to present Carl Cox as a witness when the plaintiff's counsel in the original action refused to call him to the stand.

Plaintiff's analogy to criminal law, where the prosecution is duty-bound to produce all res gestae witnesses, is not convincing in its application to the case at bar. Simply because the accident fund is a quasi-state agency, it does not follow that it must seek out and produce each witness who will give testimony harmful to its case. The plaintiff cites no authority to support its position in this regard because there is no authority which can be produced.

While, of course, it is well known that a party's failure to produce relevant evidence within its control creates a presumption that the evidence, if produced, would be hostile to the withholding

---

[2] MCLA 413.12; MSA 17.186.

party's position, it does not follow that the nonproducing party can be charged with constructive fraud for the nonproduction of evidence. Moreover no presumption adverse to the withholding party's position will arise where the evidence not produced was equally available or accessible to both parties. *Barringer v Arnold,* 358 Mich 594 (1960).

There is no indication in the instant case that Carl Cox was within the exclusive control of the defendants or that the plaintiff's attorneys did not learn or could not have learned the same information which the defendants' attorney allegedly discovered in the interview with Cox. In fact, testimony by the plaintiff's former attorneys reveals that the defendant accident fund in no way inhibited their efforts to interview Cox. Thus under the above-cited authority, since Cox was equally within the control of all parties and could have been called to testify by anyone, the defendants' failure to produce Cox did not even generate an unfavorable inference, let alone constitute fraud.[3]

An examination of the authorities relied upon by the plaintiff in support of its fraud theory reveals that these cases deal primarily with situations involving traditional examples of fraud by one occupying a fiduciary relationship with respect to another. Nothing contained in these decisions supports the plaintiff's premise that a quasi-state agency, when defending a workmen's compensation action, is guilty of constructive fraud when it fails to call witnesses equally available to all of the parties whose testimony might have a deleterious effect upon its case.

For the reasons delineated above, the order of

---

[3] See *Morse v Port Huron & Detroit R Co,* 251 Mich 309 (1930), applying the adverse inference theory to workmen's compensation actions.

the Ingham County Circuit Court reopening the instant case for rehearing is reversed.

The second question raised by the parties of whether plaintiff's allegation of fraud was timely need not be decided in view of our disposition of the case.

Reversed.

All concurred.