**Donald K. TATE, Appellant (Employee/Plaintiff),**

v.

**COLLING PRODUCTION SERVICE, Appellee (Employer/Defendant).**

**No. 86–170.**

Supreme Court of Wyoming.

Oct. 10, 1986.

Burton W. Guetz, Casper, for appellant.

James R. McCarty, Casper, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Claimant Donald Tate applied for Worker's Compensation benefits for a knee injury claimed to have occurred during pipeline construction activities. The trial-court denial on a controverted "accident" issue presents a factual conflict for appellate review.

The claimant, a pipeline construction laborer, testified that he sustained a knee injury on September 6, 1985, while engaged in carrying a piece of pipe, by bumping his knee on a protruding trench pipe which caused the claimed injuries for which medical expenses and disability benefits should have been payable. Employer, Colling Production Service, objected by denial that a jobsite accident or injury occurred, and affirmatively contended that the knee problem was a pre-existing, non-job-related medical condition.

Based on the conflicting evidence, the trial court denied benefits, and the issue now presented is sufficiency of that evidence to sustain the decision.

Factually, the case is unusual and unlikely to recur, and therefore only a brief review of the facts will be given. Tate, a company employee for a couple of years, had a history of knee problems, was consequently favored in work requirements, and went to an Instacare facility as an emergency patient, a couple of days before the accident, to secure medical attention for his knee as a non-job-related physical difficulty.

In conjunction with this earlier medical care, the singular evidentiary conflict involved comment or report, or lack thereof, of any "accident incident" on the date claimed, with the employer and co-worker essentially contradicting the claimant's statements as to information afforded that he had in fact injured his knee on that day. This conflict was particularly significant since Colling testified that he had actually discussed the condition of the knee with Tate prior to leaving the jobsite on the claimed accident date, and nothing was said to him about any incident involving additional injury. If the testimony of witnesses for the employer was believed within the conflict context, strong factual support for the trial court's final decision exists in the evidentiary record.

In review after the close of evidence, the trial court related to the litigants:

" * * * [W]e start out with a couple of legal principles, and one is that the Act should be liberally construed in favor of the workman when possible; and secondly, that nevertheless, the workman has to prove, has the burden of proof of the injury of compensability.

\*     \*     \*     \*     \*     \*

"I find it too coincidental that an injury occurred September 6th in view of the difficulties that had happened earlier in September, and it seems to me that what he was complaining of, in view of the testimony that I have heard, was an infection early in September that was not diagnosed, but only diagnosed on the 8th or 10th.

"As in all factual situations, a determination has to be made. I find the evidence preponderates in favor of the Defendant-employer, that the Employee has failed to meet his burden of proof, and I must therefore deny the claim."

We have only recently reiterated the two rules as noted by the trial court for compensation decision and added the third rule that the decision will be sustained if supported by substantial evidence. See *Hampton v. All Field Service, Inc.*, 726 P.2d 98 (Wyo.1986).

Finding this to be a factual-conflict case, with conflicting evidence, and sufficient supporting evidence demonstrated by the record, we affirm.