**FLINT ENGINEERING & CONSTRUCTION CO., Appellant (Employer/Contestant),**

**v.**

**Ed L. RICHARDSON, Appellee (Employee/Claimant).**

**No. 86-138.**

Supreme Court of Wyoming.

Oct. 15, 1986.

Timothy G. Williams, and George J. Argeris, of Guy, Williams, White & Argeris, Cheyenne, for appellant.

Charles D. Phillips, of Phillips and Phillips, Evanston, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT, and MACY, JJ.

URBIGKIT, Justice.

The Worker's Compensation question in this case of a construction worker's status being either that of a noncovered indepen-

dent contractor or that of a covered employee affords cause for the court to revisit *Fox Park Timber Co. v. Baker*, 53 Wyo. 467, 84 P.2d 736, 120 A.L.R. 1020 (1938), in determining whether substantial evidence supported the trial court in granting benefits to a rig welder after injury during oil-patch construction activities. We affirm.

That issue, although otherwise stated by the litigants, is whether an alleged independent contractor is a covered employee under Wyoming's Worker's Compensation laws, § 27–12–101 et seq., W.S.1977. An ancillary subject raised by appellant and discussed by appellee considers the "employment" agreement involved as being contendably invalid under Wyoming law by adversely determining rights to employee compensation benefits. We review the trial court's determination of coverage and grant of benefits:

> "The Court now finds and concludes generally in favor of the Claimant and against the Contestant on all issues. The Court further finds and concludes that Contestant exercised control over Claimant of such type and to such degree that Claimant was actually an employee of Contestant and not an independent contractor; that the so-called Agreement With Independent Contractor was not properly executed by the parties, was not supported by valid consideration, was not binding on the parties, and lacked the specificity necessary to exclude Claimant from worker's compensation coverage; that in any event said Agreement, even if otherwise valid and sufficient to exclude Claimant from coverage, is void as a 'contract' or 'device' prohibited by 27–12–103(a), W.S. 1977; and that Claimant's injury is covered by the worker's compensation laws of the State of Wyoming."

Ed Richardson (claimant) was a rig welder, meaning that he had a truck unit welder and hired out within the oil patch industry on an hourly basis for himself and his truck which supplied all equipment required to perform general welding services.

Flint Engineering & Construction Co. (general contractor) was engaged in the oil field construction business, including both roustabout and pipeline work.

At the time of the injury, the general contractor had contracted to construct a natural gas pipeline in southwest Wyoming for Northwest Pipelines (owner).

Included in the construction of the usual pipeline job was some prefabrication and assembly completed in the general contractor's yard prior to field installation. Claimant was engaged in this activity (after welding-skill testing by the owner) when injured. Richardson, who had worked for the general contractor before, had on those occasions been furnished an engagement contract which provided:

### "AGREEMENT WITH INDEPENDENT CONTRACTOR

> "It is the intent of the parties involved to establish an 'independent relationship' rather than an employer-employee relationship. All Federal, State and Local laws, regulations, and guidelines should be adhered to accordingly. The Independent Contractor is responsible for maintaining adequate amounts of insurance."

This document was unsigned in the appropriate space by claimant who only inserted the word "Welder," signed the bottom portion of the form entitled "Payer's Request for Identifying Number," and inserted his social security number. This form, as introduced in evidence, apparently related to a prior job, and no form is found for the Northwest job where he was injured.

At the jobsite, claimant worked as an expert welder fabricating units for the pipeline field installation at an hourly rate, under the supervision of Flint's employees. Following employment in late August or early September of 1985, he was injured on September 21, 1985, when a buffing machine particle spun off the machine and pierced his right eye, causing permanent damage. Although he was supposed to have a helper furnished by the employer,

only one was available on an erratic basis, and no one was available at the time of the injury. Claimant contended that since the helper would have been doing the buffing, the availability of such assistance would have avoided the accident.

Wyoming's Worker's Compensation law came to exist by constitutional amendment which afforded the benefits and constrained certain common-law rights of the employee:

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death."
Article 10, § 4, Wyoming Constitution.

As a result of societal factors motivating the electorate to adopt the amendment and the legislature to provide comprehensive legislation, there has been invoked a basic tenet that the law must be construed with reasonable liberality to protect persons suffering casualties in industry and to avoid incongruous results. *Fox Park Timber Co. v. Baker, supra.*

The three generally applied principles, recently restated by this court in *Hampton v. All Field Service, Inc.*, Wyo., 726 P.2d 98 (1986), are (a) liberal construction in favor of the employee; (b) however the employee must prove all of the essential facts required for claim allowance; and (c) the decision of the trial court will be sustained if supported by substantial evidence. *Tate v. Colling Production Service, Inc.*, Wyo., 726 P.2d 100 (1986).

### Agreement to Exclude Coverage

The general contractor justifies reversal premised on the "Independent Contractor" agreement. In examining the document, we need not premise our conclusion as to whether it applied to this job on the absence of its actual execution.

Appellant misunderstands the legal significance of the document. In no way does it confirm or establish the work-place relationship between the parties. We would consider the document to have been equally effective as an enumeration of the actual working status if the description afforded was "for service in the French Foreign Legion." Without defining the relationship, the form gave the employment status a title without definitional character.

That document obviously was intended to obviate Worker's Compensation coverage, unemployment compensation and federal withholding regulations, including social security. That attempt does not succeed unless it is established that the actual relationship between the parties, not the designation of the employee, meets the test of a bonafide independent-contractor status.

Inevitably such effort to bypass Wyoming statutes and Constitution has limited success. See § 27–1–105, W.S.1977, § 27–12–103(b), W.S.1977, and Art. 10, § 4 of the Wyoming Constitution.

Section 27–1–105, W.S.1977 reads:
"It shall be unlawful for any person, company or corporation to require of its servants or employes, as a condition of their employment or otherwise, any contract or agreement where by such person, company or corporation shall be re-

leased or discharged from liability or responsibility on account of personal injuries received by such servants or employes while in service of such person, company or corporation, by reason of the negligence of such person, company or corporation, or the agents or employes thereof, and such contracts shall be absolutely null and void."

Section 27–12–103(b), W.S.1977 reads:

"(b) No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act [§§ 27–12–101 through 27–12–804] except as otherwise provided by this act."

■ Escape from the required Worker's Compensation coverage will be justified only if the essential factors of the relationship in work-place detail exempt employee status, no matter what characterization might be implanted in the agreement by the prospective employer as a condition or term of employment. Obviously, the clinical desire to "run with the foxes and hunt with the hounds" is the attribute of the construction company's method of labor employment. The public policy to the contrary has been stated by the citizens of this state through constitutional amendment and by the legislature through specific statutes.

■ In this case we find that the document, whether signed or unsigned, has no effect on the status of the parties for a determination of Worker's Compensation coverage.

### Coverage Status Under Worker's Compensation

We are then asked to decide that the trial court misapplied *Fox Park Timber,* or that *Fox Park Timber* should be superseded and rescinded as a foundational premise of Wyoming law. We decline that invitation in both regards.

We are appreciative of the cogent comment of the trial court:

" * * * In Common Law we didn't have Federal Withholding. We didn't have Federal Employment Security Withhold-

ing. We didn't have social security. These are all creatures of the 20th Century and the law of independent contractor was developed much sooner in legal history than the advent of unemployment compensation, Worker's Compensation, social security, or income taxation. And so when we start talking about these— or, you know, retirement programs or insurance programs, none of those things were known at Common Law. They weren't even known in the United States prior to, probably, 1940. * * *

"I think it's a tough question. I still think it's a policy question because I think the evidence in this case indicates that Mr. Richardson was under the control of Flint. He was in the same—He was under control to the same degree, no greater or no lesser, than any other Flint employee. But Flint attempted to treat Mr. Richardson differently with respect to these 20th Century requirements than they did other employees. * * * They treated him differently with respect to Federal Income Tax Withholding. They treated him differently with respect to Federal Social Security. They treated him differently with respect to unemployment. They treated him differently with respect to Worker's Compensation. They treated him differently with respect to health insurance. And they treated him differently with respect to retirement plans. But in all other aspects, he was subject to the same kind of control as any other employee. So the question becomes whether or not under Wyoming law it's permissible for Flint, on the one side, and Mr. Richardson, on the other, to agree that he shall be treated like all other employees for purposes of the work but he will be treated differently than the other employees—the other people providing services for—I don't want to use the word employee, but treated differently than the other people providing services for Flint when it came to these 20th Century items."

In revisiting *Fox Park Timber Co. v. Baker* as the existent Wyoming law since

1938, we repeat what Justice Riner enumerated as "earmarks" to consider:

(1) right of control of worker;

(2) relationship terminable at will by either party;

(3) piece work or time compensation basis;

(4) scheduling option with worker;

(5) choice of place of work; and

(6) who furnishes equipment for the work requirements.

In *Fox Park Timber*, Baker furnished his truck and hauled ties on a piece-work basis for the lumber company which retained work-place control, scheduling decisions, the right to terminate employment at will, and general operational control.

In this case, the claimant furnished his truck and was not paid on a piece-work basis; the employer determined the method, place and hours of work, with right to terminate at will, and had the ability to demand greater hourly production and arrange scheduling and general operational control.

█ We agree with the factual decision of the trial court, and consequently now affirm. The two cases are nearly identical with this case, being stronger only by virtue of the hourly rate factor as differentiated from the *Fox Park Timber* piece-work compensation arrangement. This court has consistently retained Justice Riner's rea-

soning and the ratio decidendi of the *Fox Park Timber* case. See *Tauer v. Williams*, 69 Wyo. 388, 242 P.2d 518 (1952); *Tharp v. Unemployment Compensation Commission*, 57 Wyo. 486, 121 P.2d 172 (1942); *Standard Oil Co. v. Smith*, 56 Wyo. 537, 111 P.2d 132 (1941). See also *Battlefield, Inc. v. Neely*, Wyo., 656 P.2d 1154 (1983); *Walton v. Texasgulf, Inc.*, Wyo., 634 P.2d 908 (1981); *Brubaker v. Glenrock Lodge International Order of Odd Fellows*, Wyo., 526 P.2d 52 (1974); *Bowser v. State Industrial Accident Commission*, 182 Or. 42, 185 P.2d 891 (1947); Annot., 120 A.L.R. 1031.

The business relationship in *Burnett v. Roberts*, 57 Wyo. 511, 121 P.2d 896 (1942), involving the independently controlled manufacture of grain doors, involves a dissimilar business relationship, and is not authority for the employee status inquiry involved in this case. The established Wyoming rules of law consistently continued and the substantial evidence sufficient to support the decision of the trial court postulate affirmation.

Affirmed.