No. 24096.

In Re Interrogatories propounded by the Senate concerning House Bill 1060.
(452 P.2d 382)

Decided April 3, 1969.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE Senate of the forty-seventh General Assembly of the state of Colorado, entertaining doubts as to the constitutionality of House Bill 1060, adopted its resolution No. 9 under the provisions of Colo. Const. art. VI, § 3 requesting our opinion in the matter. House Bill 1060

would amend 1965 Perm. Supp., C.R.S. 1963, 37-12-5(1) and 14(1) so that Kit Carson and Lincoln Counties would be removed from the fourth judicial district of Colorado and placed in the thirteenth judicial district. There now are six counties in the thirteenth judicial district and the proposed legislation would increase the number to eight.

 Colo. Const. art. VI, § 10(1) as amended on November 6, 1962, effective January 12, 1965, provides in part: "The general assembly may by law, whenever two-thirds of the members of each house concur therein, change the boundaries of any district or increase or diminish the number of judicial districts." Colo. Const. art. VI, § 20 as amended on November 6, 1966, effective January 17, 1967, provides for the appointment of judges, other than supreme court justices, by the governor from nominees submitted by judicial district nominating commission. Colo. Const. art. VI, § 24(3) provides in part as follows:

"(3) Each judicial district nominating commission shall consist of a justice of the supreme court designated by the chief justice, to serve at the will of the chief justice who shall act as chairman ex officio, and shall have no vote, and seven citizens residing in that judicial district, no more than four of whom shall be members of the same political party and there shall be at least one voting member from each county in the district. * * *."

The Senate in Resolution No. 9 has asked this court "* * * to render its opinion in writing concerning the constitutionality of said H. B. 1060 and particularly with reference to the following questions:

"1. Is a judicial district limited to seven counties by reason of the provisions of article VI, section 24(3), of the state Constitution?

"(2) Does the requirement 'there shall be at least one voting member from each county in the district,' which appears in said section 24(3), prohibit a member of a nominating commission from representing more than one county in a judicial district?"

We answer the two numbered questions in the affirmative and express the opinion that House Bill 1060 is unconstitutional.

■ In *People v. Cassidy*, 50 Colo. 503, 117 P. 357, this court quoted with approval an Illinois case to the effect that an amendment to the constitution is paramount to provisions in conflict therewith incorporated in the constitution as originally framed and that provisions of the amendment must prevail, but in all other respects the earlier provisions remain unimpaired. *Cassidy* continues: "In *People v. Metz*, 193 N.Y. Court of Appeals 149, to the same proposition it was said:

" 'In construing a constitution, all its provisions relating directly or indirectly to the same subject must be read together, and any amendment in conflict with prior provisions must control, as it is the latest expression of the people. * * * The presumption is, that the people, in exercising their supreme power, did not do a vain act, but effected a definite purpose. * * * Every provision of the constitution as it was before it was amended, which so conflicts with the amendment that it cannot be fairly harmonized therewith, necessarily yields thereto, but only to the extent necessary to make the amendment reasonably effective.' "

"And again, in *Gillespie v. Lightfoot*, 127 S.W. 799, the supreme court of Texas said:

" 'The amendment of the constitution is an exertion of the sovereign power of the people of the state to give to their expressed will the force of a law supreme over every person and every thing in the state, so long as it does not conflict with the constitution of the United States. The rule so established bears down and supplants all other laws and rules that are inconsistent with it. In determining rights controlled by it, we therefore have only to ascertain what it means and give it full effect, so long as it encounters no opposition in the higher law of the federal constitution.' "

The ruling in *Denver v. Sweet,* 138 Colo. 41, 329 P.2d 441, is to the same effect.

When the people of this state adopted the amendatory provision providing that there should be at least one voting member *from* each county it was meant that at least one voting member should be a resident of each county. *Webster's New International Dictionary* 1012 (2nd ed. 1958) defines "from" as indicating the source. "A citizen of Salisbury will say of a citizen of Gold-Hill, whom he sees in Salisbury, that he is from 'Gold-Hill' — signifying his residence there." *Salisbury Commissioners v. Powe,* 51 N.C. 134. When one considers that the judicial nominating commissions submit to the governor nominees for county judges, the intent becomes even more plain that the people of the state wished a resident of each county to be on the commission.

As the amendatory provision provides that there will be seven members of each judicial nominating commission, the result must follow that this provision placed a restriction upon Colo. Const. art. VI, § 10 in that the boundaries of any district may not be increased so that any district embraces more than seven counties.