## No. 24627.

In Re Interrogatories by the General Assembly concerning House Joint Resolution No. 1008, Second Regular Session, Forty-Seventh General Assembly.
(467 P.2d 56)

Decided March 2, 1970.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS is an original proceeding wherein the House of Representatives of the Forty-Seventh General Assembly (1970) by House Joint Resolution No. 1008, the Senate concurring therein, seeks our opinion upon three inter-

rogatories submitted to us under Article VI, §3 of the Colorado Constitution concerning the meaning of Article V, §48 of the Colorado Constitution. We have agreed to answer these interrogatories.

Article V, §48 of the Colorado Constitution, as amended, reads in part as follows:

"In the regular session of the general assembly in 1967, and at each such session next following official publication of each federal enumeration of the population of the state, the general assembly shall establish or revise and alter the boundaries of senatorial and representative districts acording to the provisions of sections 46 and 47. After forty-five days from the beginning of each such regular session, no member of the general assembly shall be entitled to or earn any compensation for his services or receive any payment for salary or expenses, nor shall any member be eligible to succeed himself in office, unless and until such revision and alteration shall have been made."

According to House Joint Resolution No. 1008 the United States Bureau of the Census reports that the so-called "final official population counts," which includes total population figures for incorporated cities and towns, unincorporated places of 1000 persons or over, counties, and existing congressional districts, will be available by the end of December 1970. However, the United States Bureau of Census further reports that official population counts for census tracts, enumeration districts and city blocks will not be available till the spring, summer and fall of 1971.

According to the resolution, legislative experience gained from the preparation and passage of reapportionment legislation in 1963, 1964, 1965 and 1967 has shown that official population data by census tracts, by enumeration districts and by city blocks is necessary for a complete and accurate redrawing of legislative district lines in a majority of our single member legislative districts, and that until such time as the official population

breakdowns for census tracts, enumeration districts and city blocks are available, the General Assembly will not have sufficient information to assure the enactment of a reapportionment act which would meet the population requirements of the "equal protection" clause of the Fourteenth Amendment to the United States Constitution. The resolution also points out that the first general election to be affected by such redistricting, regardless of whether such redistricting occurs during the 1971 legislative session or during the 1972 legislative session, would be the general election to be held on November 7, 1972.

It is in this setting, then, that the three interrogatories have been submitted to us. Each of the three interrogatories should be read in the light of the following preamble statement:

"Recognizing that the general assembly must revise and alter the boundaries of representative and senatorial districts prior to the 1972 elections; and further recognizing that in order to assure the availability for a reapportionment plan which meets the constitutional requirements of 'equal protection,' such revision and alternation should logically be deferred until the 1972 regular session of the general assembly, which is the regular session 'next following official publication' of the federal enumeration of the population of the state *in sufficient detail to enable the reapportionment of the general assembly to be done properly.*"

First Interrogatory: Does § 48 of Article V of the Colorado Constitution nevertheless require that to continue to be entitled to compensation, salary, and expenses and to be eligible to succeed themselves in office, the members of the general assembly must revise and alter the boundaries of senatorial and representative districts during the first forty-five days of the 1971 regular session of the general assembly, based on the official population counts expected to be available prior to January 6, 1971, even though the official population

breakdowns for census tracts, enumeration districts, and city blocks will not be available until after that time?

Answer: No, assuming the hypothesis on which the question is premised proves correct. The phrase "federal enumeration of the population of the state" as used in Article V, § 48 of the Colorado Constitution means and encompasses publication of all facts and figures, including census tracts, enumeration districts and city blocks, necessary and essential to enable the General Assembly to establish or revise or alter the boundaries of senatorial and representative districts according to the provisions of § 46 and § 47 of Article V of the Colorado Constitution and in accordance with Article XIV of the United States Constitution. In this regard we generally subscribe to the rationale of *Cahill v. Leopold*, 141 Conn. 1, 103 A.2d 818.

 Second Interrogatory: If the general assembly is not so required to revise and alter the boundaries of senatorial and representative districts during the 1971 regular session of the general assembly, do the provisions of § 48 of Article V of the Colorado Constitution permit such revision and alteration of district boundaries to be made during the first forty-five days of the regular session of the general assembly in 1972 in order to entitle the members of the general assembly to continue to receive compensation, salary and expenses, and to remain eligible to succeed themselves in office?

Answer: Yes, assuming that the official publication of the federal enumeration of the population of the state, including the official population counts for census tracts, enumeration districts and city blocks, occurs prior to the opening of the regular session of the General Assembly in 1972.

 Third Interrogatory: If the general assembly is required to enact legislation to reapportion its membership during the first forty-five days of the 1972 session, must the subject of reapportionment be designated in writing by the governor during the first ten days of the

session pursuant to § 7 of Article V of the Colorado Constitution?

Answer: No. Where an amendment to a constitution is anywise in conflict or in any manner inconsistent with a prior provision of the constitution, the amendment controls. *In re Interrogatories,* 168 Colo. 563, 452 P.2d 382; *Denver v. Sweet,* 138 Colo. 41, 329 P.2d 441; and *People v. Cassiday,* 50 Colo. 503, 117 P. 357. Hence, Article V, § 48 of the Colorado Constitution is deemed to create an exception to the provisions of § 7 of that same article.