Susan JACKSON, Administratrix of the Estate of Gordon McBride, also known as Gordon Lester McBride, and personal representative of Gordon McBride, also known as Gordon Lester McBride, Deceased, Plaintiff-Appellant,

v.

DRAVO CORPORATION, a Pennsylvania Corporation, Defendant-Appellee.

No. 77–1902.

United States Court of Appeals, Tenth Circuit.

Submitted March 14, 1979.

Decided Aug. 10, 1979.

John A. Zebre, Rock Springs, Wyo., for plaintiff-appellant.

Hirst & Applegate, Cheyenne, Wyo., for defendant-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Dravo Corporation, a Pennsylvania corporation, contracted with FMC Corporation to sink a mine shaft in Sweetwater County, Wyoming. Gordon McBride, an employee

of Dravo, was killed in the sinking of that shaft when he was struck on the head by wire rope or cable. Susan Jackson, as Administratrix of the Estate of Gordon McBride, instituted the present action against Dravo, alleging that McBride's death was caused by Dravo's negligence and recklessness. Dravo filed a motion to dismiss, contending that McBride was Dravo's employee and that, under applicable Wyoming law, workmen's compensation benefits provide the exclusive remedy for the estate of the deceased. The motion to dismiss was treated as a motion for summary judgment, and summary judgment was entered in favor of Dravo. Jackson appeals. We affirm.

Jackson relies on Article IX, Section 4, of the Wyoming Constitution. That section was a part of the original Wyoming Constitution adopted in 1889. Article IX pertains to the general subject of "Mines and Mining," and Section 4 is titled "Right of action for injuries." Article IX, Section 4 is set forth as Appendix A.

Dravo relies on an amendment to Article X, Section 4 of the Wyoming Constitution adopted in 1914. Article X pertains to "Corporations," and Section 4, and more particularly the 1914 amendment thereto, relates to workmen's compensation. Article X, Section 4 is set forth as Appendix B.

It is Jackson's position that by virtue of the provisions in Article IX, Section 4, she can maintain a wrongful death action against Dravo, and that such right is unaffected by the provisions appearing in Article X, Section 4, pertaining to workmen's compensation benefits.

■ It is Dravo's position that under the provisions of the 1914 amendment to Article X, Section 4, and laws passed pursuant thereto, workmen's compensation benefits are in lieu of "any and all rights of action against any employer contributing as required by law to such fund." *See* Wyo. Stat. § 27–12–103 (1977). The trial court agreed with Dravo and held that the "right of action" created by Article IX, Section 4 of the original Wyoming Constitution was "modified" by the 1914 amendment to Arti-

cle X, Section 4. In other words, the trial court held that under Wyoming law an injured miner whose employer has complied with the Wyoming law regarding workmen's compensation does not have an independent cause of action against his employer and that compensation benefits shall take the place thereof. We agree with the trial court's disposition of this matter.

■ The general rule is that where an amendment to a constitution is in conflict or in anywise modifies a prior provision of the constitution, the amendment controls. See, for example, *In re Interrogatories by General Assembly*, 171 Colo. 200, 467 P.2d 56, 59 (1970). Wyoming is in accord with this general rule and has held that an amendment to a constitution will prevail over a provision of the original constitution inconsistent with the amendment. *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981, 991–92 (1918).

■ It is clear to us that the intent behind the 1914 amendment to Article X, Section 4 was that workmen's compensation benefits were to be in lieu of, and take the place of, "any and all" causes of action which the injured or deceased workman might otherwise have had against his employer, assuming, of course, that the employer was a participating member of the compensation fund. Further, "mines" are expressly deemed to fall within the "extrahazardous occupations" to which the Worker's Compensation Act applies. See Wyo. Stat. § 27–12–102(a)(xiv) (1977); *Horvath v. Sheridan-Wyoming Coal Co.*, 58 Wyo. 211, 131 P.2d 315, 318 (1942). It is agreed here that Dravo was contributing to the compensation fund and that McBride was in fact "covered" by workmen's compensation at the time of his death. A claim had been filed and settled on behalf of McBride pursuant to the provisions of the Worker's Compensation Act.

■ The *Zancanelli* case, referred to above, has present pertinency. In *Zancanelli* the Wyoming Supreme Court upheld the Wyoming workmen's compensation statute, passed pursuant to the 1914 amend-

ment to Article X, Section 4, which was attacked on a wide variety of constitutional grounds. In so holding, the Wyoming Supreme Court held, *inter alia*, that abolishing actions by an injured miner against his employer for negligence did *not* constitute a taking of property without due process of law. *Zancanelli*, in our view, virtually dictates a dismissal of Jackson's wrongful death action against Dravo. The trial court did not err in granting summary judgment.

Judgment affirmed.

## APPENDIX A

Article IX, § 4. Right of action for injuries.

For any injury to person or property caused by wilful failure to comply with the provisions of this article, or laws passed in pursuance hereof, a right of action shall accrue to the party injured, for the damage sustained thereby, and in all cases in this state, whenever the death of a person shall be caused by wrongful act, neglect or default, such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and the legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced.

## APPENDIX B

Article X, § 4. Damages for personal injuries or death not to be limited; workmen's compensation.

No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or

funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. *The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death.* (As amended by Laws 1913, ch. 79.) (Emphasis added.)