Bruce PARKER, Appellant (Plaintiff),

v.

ENERGY DEVELOPMENT CO., an
Iowa corporation, Appellee
(Defendant).

No. 84–55.

Supreme Court of Wyoming.

Dec. 5, 1984.

John R. Hursh and Holly Brown of Central Wyoming Law Associates, P.C., Riverton, for appellant.

John A. MacPherson and Catherine MacPherson of Johnson, MacPherson & Noecker, Rawlins, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

This appeal comes here for—among other reasons—the resolution of the question which asks whether an employer is immune from "intentional or culpably negligent conduct"[1] resulting in an employee's injury or death under Wyoming's worker's compensation law.

The facts necessary to a decision on this issue are contained in the appellant's brief. There it is said:

"The Plaintiff, Bruce Parker, was employed by the Defendant, Energy Development Co., as a pumper in the Vanguard No. 2 underground coal mine in Hanna, Wyoming. On or about February 23, 1982, at approximately 2:45 a.m., the Plaintiff was in a crew which was rock dusting a roadway inside the underground mine by spreading ground limestone on the wet roadway to dry the moisture for traction. The roof of the mine caved in while the crew was second-mining a bleeder pillar between numbers one and two left entries. Four hundred tons of rock fell on Virgle Cordell Renfrow, Jr., Steven Olivas, and Bruce Parker. Only Bruce survived."

The complaint alleged culpable negligence and the commission of an intentional tort against the person of Bruce Parker by Energy Development Co., an Iowa corporation which was Bruce Parker's employer and which was contributing to Parker's account in the worker's compensation fund. A motion to dismiss the appellant's amended complaint was filed and granted on the ground that any and all claims by employee Parker against employer Energy Development Co. are foreclosed by Art. 10, § 4 of the Wyoming Constitution[2] and § 27-12-103(a), W.S. 1977.[3]

---

1. The employer's behavior is so described in the appellant's brief.

2. Article 10, § 4 of the Wyoming Constitution provides:

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. *The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death.*" (Emphasis added.)

3. Section 27-12-103(a), W.S. 1977 provides:

"*The rights and remedies provided in this act [§§ 27-12-101 through 27-12-804] for an employee and his dependents for injuries incurred*

## Decision

We will affirm.

This appeal was argued in this court September 11, 1984, just two weeks after the publication of our opinion in *Baker v. Wendy's of Montana, Inc.*, Wyo., 687 P.2d 885 (1984).[4] At argument, counsel asked that we overrule *Baker v. Wendy's of Montana, Inc., supra,* in which we held that the worker's compensation employer is immune from its employee's action for intentional tort by reason of the language of Art. 10, § 4 and § 27–12–103(a). This we decline to do.

In *Wendy's,* we reviewed the history of the worker's compensation law and we revisited the compromise between the employer and the employee which resulted in our state's Worker's Compensation Act, § 27–12–101, et seq., W.S. 1977. Through this legislation, the workers gave up their rights of action in common-law tort for injury or death in return for certain designated employer-funded benefits which were payable without regard to any but the worker's culpable negligence.

We pointed out in *Baker v. Wendy's of Montana Inc. supra,* that, in return for contributing to the compensation fund in behalf of the injured or the heirs of a deceased employee, the parties to the statutory contract agreed that the contributing employer would receive absolute immunity from all common-law rights of action for an employee's injury or death. We called particular attention to the language of the Art. 10, § 4 constitutional provision which said that the right of each employee to compensation from the fund

" * * * *shall be in lieu of and shall take the place of any and all rights of action against any employer contributing * * to such fund in favor of any person or persons by reason of any such injuries or death."* (Emphasis added.)

*in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act,* or his employees acting within the scope of their employment unless the employees are culpably negligent, but do not supersede any

We drew attention to § 27–12–103(a), which called for the same exclusive-remedy trade-off as does Art. 10, § 4 of the Wyoming Constitution. We said in *Baker* that these provisions of Constitution and statute mean exactly what they say: i.e., a covered employee may not bring any cause of action whatever against his contributing employer for injury or death under any circumstances. In *Baker* we said, 687 P.2d at 888–889:

"For all the same reasons that an employer may not avoid paying a compensation claim where the worker is injured through his or her own ordinary negligence, the worker does not have a tort action against the employer when he (or it) is negligent and the worker is covered. This is so because the act creates liability without fault on the part of the contributing employer and likewise provides the employer with absolute immunity from tort actions including the employer's violation of his duty of care whether the negligence is ordinary or culpable. *Mauch v. Stanley Structures, Inc,* [Wyo.,] 641 P.2d [1247,] 1250 [1982]; *Barnette v. Doyle,* [Wyo.,] 622 P.2d [1349,] 1352 [1981]. This is to say that immunity is absolute. *Mauch v. Stanley Structures, Inc., supra,* 641 P.2d at 1252 (Rose, C.J., specially concurring).

"Our various interpretations of § 27–12–103(a), W.S. 1977, reflect the absolute immunity afforded contributing employers under the worker's compensation laws of Wyoming.

" 'It is clear that the language "take the place of any and all rights of action" and "shall be exclusive of all other rights and remedies", means just what is said and needs no judicial construction. * * * [A]s a general proposition, the exclusive remedy of the Wyoming workmen's compensation laws is the only remedy available unless the

rights and remedies available to an employee and his dependents against any other person." (Emphasis added.)

**4.** Referred to in this opinion as either *"Baker"* or *"Wendy's".*

employment was unlawful or illegal.' *Jordan v. Delta Drilling Company*, Wyo., 541 P.2d 39, 48 (1975).

"'As to a contributing employer, compensation from the fund was made the sole and exclusive remedy for a covered workman.' *Markle v. Williamson*, [Wyo.,] 518 P.2d [621,] 625 [1974]."

### Compensable Injury—The Test

In *Baker*, there was an intentional physical work-related assault resulting in emotional injury, and there we held that if such an injury was job-related—i.e., there was a nexus between the injury and some condition of employment—then the injury occurred within the scope and/or course of employment and was compensable. We then said that a compensable injury precludes a cause of action for personal injury or death against the employer. In the case at bar, it is alleged, and for purposes of this opinion only we accept as true the fact, that the plaintiff-appellant received physical work-related injury in consequence of the contributing employer's culpable negligence and/or intentional misconduct. In deciding whether the employer's exclusive-remedy provision was a bar to a common-law intentional-tort cause of action, we said in *Baker*:

"The single issue for our decision in this appeal is: Was the claimed harm—i.e., assault and battery to the persons of the appellants and intentional infliction of emotional distress—a covered 'injury' within the contemplation of the Worker's Compensation Act? If the appellants' allegations of harm constitute 'injury' as conceived by the Act, and if it was inflicted when the appellants were within the scope of their employment, there cannot be an independent right of action against Wendy's because that company is the contributing employer of the appellants .

5. Section 27–12–102(a)(xii), W.S. 1977, provides: "'Injury' means any harmful change in the human organism other than normal aging, and includes damage to or loss of a prosthetic appliance and death, *arising out of and in the course of employment while at work in or about the premises occupied, used or con-*

and would therefore be absolutely immune from suit. *The test for determining whether the exclusive-remedy provisions of the Worker's Compensation Act operate to prevent actions against covered employers for intentional acts of employees is whether or not the claimed injury would be compensable under the Act.*

"'In determining whether the workmen's compensation statute in general and the exclusivity provision in particular preclude an employee from bringing an action at law against his employer for fraud, defamation, false imprisonment or the like, most courts have inquired whether the injury complained of is one which was compensable under the Compensation Act.' Annot. 46 A.L.R.3d 1279, 1282." (Emphasis added.) 687 P.2d at 889.

It stands without dispute that the appellant in the case at bar was injured while he was in the course or scope of his employment—in fact, he has received worker's compensation benefits. See *Cottonwood Steel Corporation v. Hansen*, Wyo., 655 P.2d 1227 (1982); *Matter of Willey*, Wyo., 571 P.2d 248 (1977); *In re Jensen*, 63 Wyo. 88, 178 P.2d 897 (1947). We pointed out in *Wendy's* and we point out here that, in order for § 27–12–102(a)(xii), W.S. 1977 [5] to be complied with, there need only be a causal connection between the injury and the course of employment. Quoting from a prior opinion, we said:

"'* * * [T]he injury is compensable if it arises out of and in the course of employment. *This requirement emphasizes the need for a causal connection between the injury and the employment. Such a causal connection is supplied when there is a nexus between the injury and some condition, activity, environment or requirement of the*

*trolled by the employer, incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.* * * *" (Emphasis added.)

*employment. Parrott v. Industrial Commission of Ohio,* 145 Ohio St. 66, 60 N.E.2d 660. See, *Standard Oil Co. v. Smith,* 56 Wyo. 537, 111 P.2d 132; *In re Jensen, supra; Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Boston,* Wyo., 445 P.2d 548. Cf., *White Ditching Company v. Giddeon,* Wyo., 413 P.2d 45. *It is this requirement, and only this requirement, which is envisioned by the language contained in § 27–311(n)* [now § 27–12–102(a)(xii), W.S. 1977].' (Emphasis added.) *In re Willey, supra,* 571 P.2d at 250, quoted in *Cottonwood Steel Corporation v. Hansen, supra,* 655 P.2d at 1232–1233." 687 P.2d at 892.

There can be no doubt but that the facts of the case at bar meet the nexus test of *Willey, supra.*

█ In affirming the trial court on this issue, we hold, then, that where the employee's injury occurs in a work-related situation, as it did here, and is in all other respects compensable, as it is here, the employer of the injured or deceased employee who is contributing to the compensation fund in behalf of the worker's account is absolutely immune from all common-law tort remedies arising out of the injury to or death of the employee—including causes of action for intentional tort or culpable negligence. *Baker v. Wendy's of Montana, Inc., supra.*

### The Article 9, § 4 Issue

The Wyoming Constitution went into effect July 10, 1890, and Art. 9, § 4 provided:

### "MINES AND MINING

\*  \*  \*  \*  \*  \*

"§ 4. Right of action for injuries.

"For any injury to person or property caused by wilful failure to comply with the provisions of this article, or laws passed in pursuance hereof, a right of action shall accrue to the party injured, for the damage sustained thereby, and in all cases in this state, whenever the death of a person shall be caused by wrongful act, neglect or default, such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and the legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced."

The amendment to Art. 10, § 4 of the Wyoming Constitution, supra n. 2, was adopted by vote of the people November 3, 1914 and was proclaimed effective December 26, 1914.[6]

It is the contention of the appellant that it was the legislative intent that Art. 10, § 4 would not impact upon Art. 9, § 4, the net effect of which would be that, in the case at bar, the employee would be possessed of standing to bring his culpable-neglect and intentional-tort action against his employer for the

" \* \* \* wilful failure to comply with the provisions of this article [Art. 9, Mines and Mining], or laws passed in pursuance [t]hereof \* \* \*." Art. 9, § 4.

In other words, Parker contends that Art. 9, § 4 of the Constitution takes precedence over Art. 10, § 4 and therefore the employer's immunity from suit which is contemplated by Art. 10, § 4 does not inure to the benefit of Parker's contributing employer, Energy Development Co.

We cannot agree.

█ We are not called upon here to interpret the meaning and scope of the provisions of Art. 9, § 4, but we will assume, without deciding, and for purposes of this opinion only, that the two provisions of the Constitution are in conflict.

---

**6.** The amendment consisted of all language following the second sentence of Art. 10, § 4, su- pra n.2.

Where conflict arises between an amendment and a provision of a constitution adopted at an earlier time, the latter enactment will be given preference over the earlier. Constitutional provisions, like statutes, may be repealed by implication by subsequent constitutional changes, and, while such repeals are not favored, they will be given effect if there is an irreconcilable repugnance between the two provisions. Finally, while constitutional provisions should be harmonized and effect given to the whole, if the provisions cannot be reconciled the subsequent provision shall prevail. *In Matter of Johnson*, Wyo.; 568 P.2d 855, 861 (1977), we said:

" * * * Constitutional provisions, like statutory provisions, may be repealed or abrogated by implication arising out of the adoption of changes in other constitutional provisions, rendering obnoxious, or ineffective, the original provisions not expressly repealed. *Wright v. Jordan*, 192 Cal. 704, 221 P. 915, 918 (1923); *Egbert v. City of Dunseith*, 74 N.D. 1, 24 N.W.2d 907, 909 (1946); *People v. Field*, 66 Colo. 367, 181 P. 526, 527–528 (1919); *Jackson v. Consolidated Gov. of City of Jacksonville, Fla.*, 225 So.2d 497, 500–501 (1969); and 16 C.J.S. Constitutional Law § 7, at p. 35. To be sure, such repeals are not favored and will not be given effect unless there is an irreconcilable repugnance between the two provisions. *Moore v. Brown*, 350 Mo. 256, 165 S.W.2d 657, 663 (1942); and *Adams v. City of Hobart*, 166 Okl. 267, 27 P.2d 595, 599–600 (1933). Constitutional amendments, if possible, should be harmonized with other provisions of the constitution, and effect given to the whole instrument and to every section and clause. *Luikart v. Higgins*, 130 Neb. 395, 264 N.W. 903–905 (1936). If the provisions cannot be reconciled, then the subsequent provision shall prevail over the prior provision—even if only a partial repeal by implication is necessary. *Engelking v. Investment Board*, 93 Idaho 217, 458 P.2d 213, 217 (1969)."

If we are to give credence to the position of the appellant, we would have to say that the two constitutional provisions cannot be harmonized. That is, appellant says that Art. 9, § 4 gives him a right to bring an action against his employer for culpable neglect or intentional tort by reason of an injury received while in the scope of his employment. We have held in *Baker v. Wendy's of Montana, Inc., supra*, that such injury is compensable and therefore the employer's immunity is absolute under the amendment to Art. 10, § 4, which provides:

" * * * The *right* of each employee to compensation from such fund *shall be in lieu of* and shall take the place of *any and all rights of action* against any employer contributing as required by law to such fund in favor of any person or persons *by reason of any such injuries or death.*" (Emphasis added.)

Thus, if we were to concede for purposes of this opinion only that the provisions of Art. 9, § 4 have the effect of bestowing upon Parker a cause of action against his employer under the facts of this case, and if we further conclude as we must—and do—that Art. 10, § 4 gives the employer absolute immunity from "any and all rights of action * * * by reason of any such injuries" as that with which we are concerned here, then it becomes clear that there exist two irreconcilable constitutional provisions. In this situation, we have said that

" * * * the subsequent provision shall prevail over the prior provision * * *." *Matter of Johnson, supra*, 568 P.2d at 861.

This identical rule was announced in 1918 in *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981 (1918), when this court was considering a due-process attack upon the statutes which had been enacted in purported compliance with the worker's compensation amendment to Art. 10, § 4 of the Wyoming Constitution. In holding that the worker's compensation amendment superseded any constitutional and statutory provisions having to do with older and other inconsistent rights, this court said:

"The general principles governing the construction of statutes apply to the construction of Constitutions. 12 C.J. 699. And the fundamental purpose in such construction is to ascertain the intent of the framers and the people who adopted it, and give effect thereto. 12 C.J. 700. And an amendment will prevail over a provision of the original Constitution inconsistent with the amendment. 12 C.J. 709." 173 P. at 991.

The position that we take here stands supported by the independent consideration of this identical question in *Jackson v. Dravo Corporation*, 603 F.2d 156 (10th Cir. 1979), where Tenth Circuit Judge McWilliams, writing for the United States Court of Appeals in affirming the decision of Judge Brimmer of the United States District Court for the District of Wyoming, had under consideration the impact that Art. 9, § 4 might or might not have upon Art. 10, § 4, supra. In holding that Art. 10, § 4 must prevail, the Court of Appeals said:

"It is Dravo's position that under the provisions of the 1914 amendment to Article X, Section 4, and laws passed pursuant thereto, workmen's compensation benefits are in lieu of 'any and all rights of action against any employer contributing as required by law to such fund.' See Wyo. Stat. § 27–12–103 (1977). The trial court agreed with Dravo and held that the 'right of action' created by Article IX, Section 4 of the original Wyoming Constitution was 'modified' by the 1914 amendment to Article X, Section 4. In other words, the trial court held that under Wyoming law an injured miner whose employer has complied with the Wyoming law regarding workmen's compensation does not have an independent cause of action against his employer and that compensation benefits shall take the place thereof. We agree with the trial court's disposition of this matter.

"The general rule is that where an amendment to a constitution is in conflict or in anywise modifies a prior provision of the constitution, the amendment controls. See, for example, *In re Interrogatories by General Assembly*, 171 Colo. 200, 467 P.2d 56, 59 (1970). Wyoming is in accord with this general rule and has held that an amendment to a constitution will prevail over a provision of the original constitution inconsistent with the amendment. *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981, 991–92 (1918)."

■ We agree with the holding of the Tenth Circuit Court of Appeals and, having come to these conclusions, we would therefore affirm the trial court on this issue.

### Equal Protection

The appellant argues that the application of Art. 10, § 4 and § 27–12–103(a), to the facts of this appeal results in the appellant receiving unequal protection of the law. This position contemplates the theory that it is an unequal application of the laws to deny an injured worker or the heirs of a deceased worker compensation benefits when the worker is guilty of culpable negligence when the constitution does not similarly burden the immunity of the employer. In other words, Bruce Parker argues that Art. 1, § 34 of the Constitution of this state[7] directs that if the worker is to be deprived of his benefits when culpably negligent, then the employer should not be permitted to enjoy tort immunity when he is culpably negligent.

While the contention structures a telling argument, we have held to the contrary. In *Mauch v. Stanley Structures, Inc.*, Wyo., 641 P.2d 1247, 1251 (1982), we found a reasonable basis for the distinction when we said:

"Appellant has failed to meet her burden of showing that the distinction made between an employer and a culpably negligent employee is a classification which does not rest on a reasonable basis. It is the employer who contributes to the fund and it is the employer's contributions

---

7. Article 1, § 34 of the Wyoming Constitution reads as follows:

"All laws of a general nature shall have a uniform application."

which fund payment to workers for those injuries not occasioned by the employer's fault or negligence. In return for that contribution, the employer is granted immunity from suit. Neither the injured employee nor the co-employee contribute to the fund. A rational basis thus exists for treating the employer differently from his employees with respect to the extent of immunity."

### Conclusion

In summary, we hold that the employer is immune from its culpably negligent acts and its intentional torts where injury or death occurs while the employee was within the scope of employment. We also hold that the amendment to Art. 10, § 4 of the Wyoming Constitution takes precedence over Art. 9, § 4 of the Wyoming Constitution if they cannot be harmonized, and, lastly, we hold that the culpably-negligent provision of § 27–12–103(a), W.S. 1977 does not violate the equal-protection clause of the state constitution.

Affirmed.

BROWN, Justice, specially concurring.

In affirming this case the majority relies principally on *Baker v. Wendy's of Montana, Inc.*, Wyo., 687 P.2d 885 (1984). Had I participated in that case I would have dissented.

The majority opinion in this case holds: " * * * [The] employer of the injured or deceased employee who is contributing to the compensation fund in behalf of the worker's account, is absolutely immune from all common-law tort remedies arising out of the injury to or death of the employee—including causes of action for intentional tort. * * *"

The majority holding is broad enough to protect an employer from civil liability even if the employer kills or orders the killing of his employee when the employee is working within the scope of his employment. Surely the architects of our worker's compensation scheme did not intend that an employer be immune from civil liability when intentionally killing or maiming an employee. I see nothing in the legislative history of our worker's compensation laws that suggests an intent to render an employer immune with respect to his intentional torts. I do not think the grand trade-off or compromise referred to in this case, and in the *Baker* case, encompassed an employer's intentional tort. An employee certainly is not protected under all circumstances if he is injured.

Under the rationale of this case and Baker, if an employer intentionally forced an employee's hand into a buzz saw, the employer would be immune from civil liability because of worker's compensation. On the other hand, if an employee, intentionally, or through culpable neglect, put his hand into a buzz saw, he could not collect worker's compensation benefits.

I, nevertheless, concur in affirming this case. I do not believe that the conduct of appellee amounted to an intentional tort. It's conduct was negligent in the extreme, but not intentional.