**Deborrah E. HUDDY, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Rocky Mountain News, Respondents.**

**No. 94CA1592.**

Colorado Court of Appeals,
Div. I.

March 23, 1995.

Mark L. Davis, Lakewood, for petitioner.

No appearance for respondent The Indus. Claim Appeals Office.

Baker & Hostetler, Richard S. Mandelson, Mary Price Birk, Denver, for respondent Rocky Mountain News.

Opinion by Judge METZGER.

Petitioner, Deborrah E. Huddy (claimant), seeks review of a final order of the Industrial Claim Appeals Panel which affirmed the decision of an Administrative Law Judge (ALJ) disqualifying her from the receipt of unemployment compensation benefits. We affirm.

At the hearing held March 18, 1994, claimant testified that she had resigned her employment because co-workers were making unwelcome comments to her about her relationship with her supervisor. Claimant testified that she had complained to her supervisor on multiple occasions, but that the comments continued.

The ALJ did not find her testimony to be credible. In his order of March 22, 1994, he found that claimant had resigned in response to learning that her supervisor had resigned, and because of her personal belief that she would not have much of a prospect for advancement. The ALJ further found that her job was secure and that she would not have been subjected to disciplinary or other adverse action after her supervisor's resignation. The ALJ concluded that claimant should be disqualified pursuant to § 8–73–108(5)(e)(XXII), C.R.S. (1986 Repl.Vol. 3B) (quitting for personal reasons which do not otherwise provide for an award of benefits under other provisions).

On appeal to the Panel, claimant made several procedural and evidentiary arguments. The Panel rejected claimant's arguments and affirmed the ALJ's decision in an order dated September 2, 1994. This appeal followed.

I.

■ Claimant first contends that we should set aside the Panel's orders and remand the cause for a new hearing. She argues that we should order a new hearing under principles analogous to those in C.R.C.P. 60(b) to allow her to present "newly discovered evidence" which she could not reasonably have discovered before the hearing. We reject this contention.

Claimant has attached to her brief on appeal an unsworn letter from a psychologist dated September 22, 1994. In the letter, the psychologist stated that claimant had begun treatment with him on May 18, 1994. He opined that she suffered from a complex post-victimization reaction after leaving her

employment and, thus, was unable to testify at the March hearing concerning the "true reasons" surrounding her separation. He stated that her true reason for leaving her unemployment was because her supervisor had blackmailed her into an intimate relationship.

The psychologist noted that her treatment had been and was continuing to be "good for her," that she felt safe enough to work, and that she had found other work at a good job. He stated that, although she was still in treatment, claimant "needed to be able to bring that chapter of her life to closure." He recommended that a good way of doing so would be to allow claimant to testify at a new hearing concerning the true events surrounding her separation.

Claimant's argument proceeds as follows. The psychologist's letter constitutes "newly discovered evidence" which was unavailable at the time of the hearing despite the exercise of reasonable diligence. Thus, the principles contained in C.R.C.P. 60(b) provide grounds for this court to set aside the Panel's order and to remand the cause for a hearing to allow claimant to reopen her claim and present this evidence. Alternatively, claimant contends, C.R.C.P. 60(b) allows this court to entertain an "independent proceeding" to relieve her from the effects of the Panel's order.

Claimant misperceives the scope of authority of this court on review. This proceeding is not an appeal from a trial court action, nor is it a review by a trial court of its own actions. Rather, this is a statutory review proceeding. Our reviews of decisions of the Panel are governed by C.A.R. 3.1, and, in unemployment compensation matters, no other appellate or civil procedure rule generally is applicable. See C.R.C.P. 81(a). C.A.R. 3.1 specifies that these proceedings shall be "in the manner" and within the time prescribed by statute.

■ Therefore, this court's powers on review of unemployment compensation orders, other than the powers inherent to any court, are limited to those provided in § 8–74–107, C.R.S. (1986 Repl.Vol. 3B). Under that statute, this court can affirm, set aside, vacate, or amend a Panel's decision, or we can enjoin the enforcement of a Panel's decision only for certain stated reasons. We further can mandate compliance with the statute's procedural requirements for judicial review. See Haynes v. Interior Investments, 725 P.2d 100 (Colo.App.1986); Pepsi–Cola Bottling Co. v. Division of Employment, 754 P.2d 1382 (Colo.App.1988). However, the statute and relevant regulations contain no provisions which would allow this court to engraft the principles or provisions of C.R.C.P. 60(b), either directly or by analogy, into our review proceedings. See Natkin & Co. v. Eubanks, 775 P.2d 88 (Colo.App.1989).

We thus reject claimant's contention that we should order the reopening of the hearing to allow her to present supplemental "newly discovered evidence."

## II.

■ Claimant also contends that the Panel's order is erroneous as a matter of law because it is based on incompetent evidence. We conclude that claimant's contention is not sustainable under the evidence properly included in the appellate record.

Here, claimant admits that the record supports the decision of the Panel. Nevertheless, relying on the psychologist's letter, she argues that because she was suffering from complex post-victimization reaction, she did not have the requisite capacity to observe, recollect, and communicate at the hearing. Thus, she contends her testimony was incompetent.

Claimant further argues that, since the ALJ made specific credibility determinations concerning her testimony, and since that order was based to a great degree on her testimony, the ALJ's decision was based largely on incompetent testimony.

The psychologist's letter is attached to claimant's opening brief as supplemental evidence. However, we have already determined that we have no authority to consider the letter. Nor are we aware of any other basis by which we might consider the letter as supplemental evidence in this review proceeding. See Goodwill Industries v. Indus-

*trial Claim Appeals Office,* 862 P.2d 1042 (Colo.App.1993).

Accordingly, the Panel's order is affirmed.

MARQUEZ and CASEBOLT, JJ., concur.