24CA0823 Hassan v ICAO 09-05-2024 COLORADO COURT OF APPEALS Court of Appeals No. 24CA0823 Industrial Claim Appeals Office of the State of Colorado DD No. 8245-2024 Aden Hassan, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado and Division of Unemployment Insurance Customer Service Center, Respondents. ORDER AFFIRMED Division V Opinion by JUDGE GROVE Freyre and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced September 5, 2024 Aden Hassan, Pro Se No Appearance for Respondent 
1 ¶ 1 In this unemployment benefits case, claimant, Aden Hassan, seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer’s decision dismissing Hassan’s administrative appeal after he failed to appear for two hearings. We affirm the Panel’s order. I. Background ¶ 2 Hassan applied for unemployment benefits. In February 2024, a deputy for the Division of Unemployment Insurance (Division) determined that Hassan was not eligible to backdate his claim for benefits due to untimeliness. Hassan appealed the deputy’s decision, and the Division set a hearing for March 14, 2024. Hassan failed to participate in the hearing, and his appeal was dismissed. ¶ 3 After Hassan emailed the Division a request for a new hearing, the Division set a second hearing for April 15, 2024. Hassan did not participate in that hearing either, and his appeal was dismissed for failing to participate in a second hearing. Hassan appealed the dismissal to the Panel, admitting that he did not check in for the first hearing, and that when he tried to check in for the second hearing, “it did not go through.” 
2 ¶ 4 The Panel affirmed the dismissal of Hassan’s administrative appeal, holding that under Department of Labor & Employment Regulation 12.1.3.5, 7 Code Colo. Regs. 1101-2, if the party who appeals a decision fails to participate for two scheduled hearings as directed, “the appeal shall be dismissed and the deputy’s decision shall become final.” The Panel concluded that the hearing officer correctly applied Regulation 12.1.3.5, and that the deputy’s decision was final. II. Analysis ¶ 5 In this appeal, Hassan asserts that he missed the first hearing after unsuccessfully attempting to check in by phone. He alleges he missed the second hearing because his attempt to check in online did not go through. He states that his “technology knowledge is limited,” and that “navigating the unemployment portal poses a significant challenge.” He also contends that he “found himself without a job” and did not receive his last two hours’ compensation. ¶ 6 After reviewing the record and applying the applicable standard of review, we uphold the Panel’s determination that Hassan was not entitled to a third hearing. See § 8-74-107(6)(c)-(d), C.R.S. 2024 (appellate court may set aside a Panel’s determination 
3 if the findings of fact do not support the decision or the decision is erroneous as a matter of law); Huddy v. Indus. Claim Appeals Off., 894 P.2d 60, 62 (Colo. App. 1995) (appellate court’s review of unemployment compensation orders is limited to grounds provided in section 8-74-107). ¶ 7 Regulation 11.2.9.2 states that “[p]arties may be required to register for their hearing prior to the scheduled date and time of the hearing. Registration shall be considered part of the hearing process and failure to register for a scheduled hearing shall constitute a failure to appear.” Dep’t of Lab. & Emp. Reg. 11.2.9.2, 7 Code Colo. Regs. 1101-2. ¶ 8 Hassan admits he was aware of the requirement to register by checking in, either by phone or online, before his hearings. In his administrative appeal to the Panel, he admitted that he did not check in for the first hearing. In this appeal, he asserts that an operator told him he was checked in but then later told him he was not. He then explains that, because he did not want to rely on the phone process for the second hearing, he attempted to check in online for the second hearing. That attempt was unsuccessful. 
4 ¶ 9 If an appeal is dismissed because of an appealing party’s failure to appear and the party requests a new hearing, “a rebuttable presumption of good cause shall be established and a new hearing shall be scheduled.” Dep’t of Lab. & Emp. Reg. 12.1.3.4, 7 Code Colo. Regs. 1101-2. In this case, good cause was presumed for Hassan’s failure to successfully check in for his first hearing. But if the appealing party fails to participate as directed in the first setting of a hearing on a deputy’s decision and then subsequently fails to participate as directed in the second setting of a hearing, “good cause may not be established” and “the appeal shall be dismissed and the deputy’s decision shall become final. Dep’t of Lab. & Emp. Reg. 12.1.3.5, 7 Code Colo. Regs. 1101-2. ¶ 10 After Hassan’s failed attempt to check in for his first hearing, he was granted a second hearing. That hearing notice, mailed to Hassan on March 22, 2024, provided, in boldface type with portions in all capital letters, the following: HEARING INFORMATION FOR CLAIMANT AND EMPLOYER You must CHECK IN for your hearing AS SOON AS POSSIBLE and NO LATER than 2 P.M. the DAY BEFORE YOUR HEARING. You will need the DOCKET NUMBER in the upper right corner of this notice. We encourage you 
5 to complete the check in process THE SAME DAY THAT YOU RECEIVE THIS NOTICE. ¶ 11 The hearing notice also described the procedure for checking in online and provided a telephone number to call if unable to do so. Additionally, the notice warned Hassan in two places that failing to timely check in would result in the dismissal of his appeal. Finally, the notice stated that this was a second hearing scheduled due to the failure of Hassan to appear at a first hearing. ¶ 12 The Panel noted that it emailed questions to Hassan, which he answered on April 23, 2024. He admitted that he received the second hearing notice at the “end of March.” He stated that he checked in before 2 p.m. on April 14, 2024, but when asked the exact time, he did not provide a time. He contended that he “did not know how to check in accurately.” ¶ 13 The Panel concluded that, while Hassan claimed he checked in timely, a dismissal nevertheless was issued because he had not registered by 2 p.m. that day or any day prior. The Panel also observed that “whether good cause for missing the second hearing is lacking or not, Regulation 12.1.3.5 provides that even if there is ‘good cause,’ missing a second hearing may not be excused.” The 
6 hearing officer correctly applied Regulation 12.1.3.5, and the deputy’s decision therefore is final. ¶ 14 After reviewing the entire record, we affirm the Panel’s decision. The Panel was required to apply the plain language of the applicable regulations. Dep’t of Revenue v. Agilent Techs., Inc., 2019 CO 41, ¶ 25 (when a regulation’s language is clear and unambiguous, it must be applied as written). Because Hassan failed to appear at two hearings, the regulations required that his appeal be dismissed. We conclude that the Panel correctly applied the regulations to uphold the dismissal of Hassan’s administrative appeal. III. Disposition ¶ 15 The Panel’s order is affirmed. JUDGE FREYRE and JUDGE LUM concur.