24CA1623 Aziz v ICAO 03-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1623
Industrial Claim Appeals Office of the State of Colorado
DD No. 20002-2024

Eddie Aziz

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division VI
Opinion by JUDGE SCHUTZ
Welling and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

Eddie Aziz, Pro se

No Appearance for Respondent

¶ 1    In this unemployment benefits case, claimant, Eddie Aziz, appeals a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's decision dismissing Aziz's administrative appeal after he failed to participate in two hearings. We affirm the Panel's order.

## I.    Background

¶ 2    Aziz applied for unemployment benefits. In March 2024, a deputy for the Division of Unemployment Insurance (Division) determined that Aziz underreported his earnings under section 8-73-107(1)(f), C.R.S. 2024. The Division issued a "Notice of Fraud Finding" under section 8-81-101(4)(a)(II), C.R.S. 2024.

¶ 3    Aziz appealed the deputy's determination and requested a hearing. A notice of hearing was mailed to Aziz on June 28, 2024, with a hearing date of July 15, 2024. Aziz failed to participate in the hearing and his administrative appeal was dismissed. Aziz emailed the Division and requested a second hearing, asserting that he had tried to call to reschedule due to an emergency work situation, but was unable to reach a representative. He explained that he eventually talked to a Division representative who told him he would receive a letter in the mail scheduling another hearing.

¶ 4      The Division rescheduled the hearing for August 20, 2024, and mailed another notice of hearing to Aziz on July 30, 2024. Aziz did not participate in that hearing either, and his appeal was dismissed for failing to participate in the second hearing. Aziz appealed the dismissal to the Panel.

¶ 5      The Panel affirmed the dismissal of Aziz's administrative appeal because under Department of Labor & Employment Regulation 12.1.3.5, 7 Code Colo. Regs. 1101-2, if a party who appeals a decision fails to participate in two scheduled hearings as directed, "the appeal shall be dismissed and the deputy's decision shall become final." The Panel concluded that the hearing officer correctly applied Regulation 12.1.3.5, and, therefore, the deputy's decision was final.

## II.    Analysis

¶ 6      On appeal, Aziz asserts that Division employees repeatedly advised him to use the automated system to complete filings, "despite his prior experience with system errors." He further argues that "a series of fundamental failures by the [Division] have caused significant and undue hardship." He alleges that "despite repeated attempts to navigate their system and obtain the benefits to which

[he is] entitled, [he has] faced insurmountable obstacles due to administrative failures, lack of support, and misinformation."

¶ 7    Aziz then requests the following relief:

- Closure of this case by the Division: "I no longer seek unpaid benefits or compensation for weeks affected by filing errors and system failures.  However, I ask that the Division promptly close this case."

- Clear, direct communication for future assistance: "Access to a dedicated representative for any further inquiries to prevent future obstacles in managing any potential future claims."

- Review and revision of department procedures: "A systemic review to improve customer service and filing procedures to prevent similar hardships for other claimants."

## A.    Standard of Review

¶ 8    Our standard of review of the Panel's order is narrow.  As relevant here, the only issue that we may review is whether the Panel properly dismissed Aziz's appeal because he failed to appear at the two hearings.  *See* § 8-74-107(6)(c)-(d), C.R.S. 2024 (We may

set aside a Panel's determination if "the findings of fact do not support the decision" or "the decision is erroneous as a matter of law."); *Huddy v. Indus. Claim Appeals Off.*, 894 P.2d 60, 62 (Colo. App. 1995) (Other than the powers inherent to any court, an appellate court's review of unemployment compensation orders is limited to the grounds provided in section 8-74-107.).

## B. Discussion

¶ 9 Under the applicable regulations, "[p]arties may be required to register for their hearing prior to the scheduled date and time of the hearing. Registration shall be considered part of the hearing process and failure to register for a scheduled hearing shall constitute a failure to appear." Dep't of Lab. & Emp. Reg. 11.2.9.2, 7 Code Colo. Regs. 1101-2.

¶ 10 The Panel determined that Aziz failed to register for the first hearing and the appeal was dismissed. The hearing notice provided, in boldface type with portions in all capital letters, that "you must CHECK IN for your hearing AS SOON AS POSSIBLE and NO LATER than 2 P.M. the DAY BEFORE YOUR HEARING." The notice also advised that "we encourage you to complete the check in process THE SAME DAY THAT YOU RECEIVE THIS NOTICE."

Additionally, the notice warned Aziz that failing to timely check in would result in the dismissal of his appeal. Aziz does not dispute that he received this notice.

¶ 11 The record reflects that on July 21, 2024, Aziz emailed the Division saying, "I need to reschedule this, and please provide the correct mailing address so I can submit my response in letter to this or the email of whoever to contact regarding this." The Division then set the second hearing for August 20, 2024, and mailed Aziz another hearing notice. That notice, like the first one, contained the bolded and capitalized instructions on the check-in process. The notice also stated that "this hearing has been rescheduled because the appealing party did not appear for the prior hearing. Appealing party: you must provide the reason you did not appear for the prior hearing to all parties on this notice before this hearing."

¶ 12 The record reflects that Aziz sent an email to the Division on August 20 stating that he had called multiple times but had been disconnected, and asking, "where is the phone call I have been waiting for?" A division representative emailed back, telling Aziz that "there are no check ins recorded for [him], so the hearing was

dismissed." Aziz was also directed to file any further requests for a hearing to the Panel.

¶ 13   The Panel determined that "the hearing officer did not call [Aziz] for the hearing because he failed to register in advance as directed to do so in the hearing notice." The Panel observed that, "while [Aziz] misreading the hearing notice and thus failing to timely register may have been unintentional and unfortunate, we cannot find a reasonably prudent claimant would have made the error."

¶ 14   The Panel then concluded that, "whether good cause for missing the second hearing is lacking or not, Regulation 12.1.3.5 provides that even if there is 'good cause,' missing a second hearing may not be excused. The hearing officer correctly applied Regulation 12.1.3.5, and the deputy's decision therefore is final."

¶ 15   After reviewing the record and applying the applicable standard of review, we uphold the Panel's determination that Aziz was not entitled to a third hearing date. If an appeal is dismissed because an appealing party failed to appear at the first hearing, and the party requests a new hearing, "a rebuttable presumption of good cause shall be established and a new hearing shall be scheduled." Dep't of Lab. & Emp. Reg. 12.1.3.4, 7 Code Colo. Regs.

1101-2. In this case, good cause was presumed for Aziz's failure to successfully participate in his first hearing. But because Aziz failed to register as directed in the notice of the second hearing, his appeal was dismissed and the deputy's decision became final under Regulation 12.1.3.5.

¶ 16 The Panel was required to apply the plain language of the applicable regulations. *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when a regulation's language is clear and unambiguous, it must be applied as written). Because of Aziz's failure to register for the two hearings, the hearings were vacated and the controlling regulations required that his appeal be dismissed. We conclude that the Panel correctly applied the regulations to uphold the dismissal of Aziz's administrative appeal.

III. Disposition

¶ 17 The Panel's order is affirmed.

JUDGE WELLING and JUDGE KUHN concur.