25CA0131 Desta v ICAO 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0131
Industrial Claim Appeals Office of the State of Colorado
DD No. 30699-2024

---

Tarekegn Desta,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Tarekegn Desta, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment compensation benefits case, Tarekegn Desta appeals a final order of the Industrial Claim Appeals Office (the Panel) affirming a hearing officer's dismissal of his administrative appeal as untimely.  We affirm the Panel's order.

## I.    Background

¶ 2     Desta received benefits from March 2020 to March 2021. However, a deputy for the Division of Unemployment Insurance (Division) determined that he was ineligible to receive the benefits because he didn't submit a valid work authorization for the relevant time period under section 8-73-107(1)(h), C.R.S. 2024.  A notice of this determination was apparently mailed to Desta on March 21, 2022 at his address on file with the Division.  That notice indicated that any appeal was due by April 11, 2022.

¶ 3     More than two years later, in November 2024, Desta completed a form to request a hearing on the determination, apparently after receiving an overpayment notice from the Division. In his form, Desta stated that "the issue on the determination was resolved during the application process" and that he had "submitted all required documents."

¶ 4    The Division opened an administrative appeal, but a hearing officer dismissed the appeal without a hearing under Department of Labor and Employment Regulation 12.1.3.2., 7 Code Colo. Regs. 1101-2, because it had been filed more than 180 days late. Desta appealed the hearing officer's dismissal to the Panel.

¶ 5    The Panel determined that the hearing officer correctly dismissed Desta's appeal because it was more than 180 days late. Noting that his appeal was over thirty months late, the Panel determined that there was no reason to depart from the applicable regulations. The Panel inferred that Desta "timely received the deputy's decision that was delivered to [his] address of record . . . *and* uploaded to his MyUI+ account (his preference for communication is electronic)."

¶ 6    The Panel observed that the decision contained a detailed explanation of how to appeal it and provided contact information for the Division in case of any questions. The notice expressly stated that "this decision is final unless we receive a written appeal no later than [twenty] calendar days from the mail date." As the Panel noted, the notice also "included a form that a party could fill out[,] which [Desta] *did* fill out and sign on November 2, 2024."

2

¶ 7    The Panel inferred that Desta "failed to carefully read and/or understand the deputy's decision — including, but not limited to, the Effect of this Determination, Important Information, and/or Request for Hearing on the Determination sections — in a *timely manner*." The Panel decided that while "this failure may have been unintentional and unfortunate, we cannot find a reasonably prudent claimant would have made the error."

¶ 8    Ultimately, the Panel concluded that even if Desta had shown good cause for the late appeal, appealing a deputy's decision after 180 days may not be excused under the applicable regulation. Therefore, the Panel affirmed the hearing officer's dismissal.

¶ 9    The Panel also observed that Desta had stated that he'd received an overpayment notice, and that he could contact the Payment Control Unit to address the overpayment. The Panel further outlined the procedure for requesting a waiver of the overpayment under section 8-81-101(4)(a)(I), C.R.S. 2024, and Department of Labor and Employment Regulation 15.2, 7 Code Colo. Regs. 1101-2.

## II. Analysis

¶ 10    On appeal, Desta asserts that he "possessed a valid employment authorization from January 4, 2018, to April 10, 2025." He also claims that the overpayment amount of $16,008 "lacks justification and appears to be unfounded." He attaches bank account statements and other documents to dispute the calculation of the overpayment.

¶ 11    Although the Panel informed Desta that he could request a waiver of any overpayment under section 8-81-101(4)(a)(I), it didn't address the merits of the deputy's determination or the alleged discrepancies in the overpayment amount. Neither of those issues is properly before us because Desta didn't raise them to the Panel and the Panel didn't reach them. *See Huddy v. Indus. Claim Appeals Off.*, 894 P.2d 60, 62 (Colo. App. 1995) ("[T]his court's powers on review of unemployment compensation orders, other than the powers inherent to any court, are limited to those provided in [section] 8-74-107, C.R.S. [2024]."). Under that statute, we may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact don't support the decision; or (4) the decision

is erroneous as a matter of law. § 8-74-107(6)(a)-(d), C.R.S. 2024; *see also People in Interest of M.B.*, 2020 COA 13, ¶ 14 (generally, appellate courts review only issues presented to and ruled on by the lower court). Therefore, our review is limited by statute to the sole issue the Panel addressed: whether the applicable regulation bars Desta's untimely appeal.

¶ 12 An appeal of a deputy's decision must be submitted within twenty calendar days after the date of notification of such decision. § 8-74-106(1)(a), C.R.S. 2024. Generally, a hearing officer may accept a late appeal for good cause shown and in accordance with rules adopted by the director of the Division. § 8-74-106(1)(b). However, if an appeal is more than 180 days late, good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final. Dep't of Lab. & Emp. Reg. 12.1.3.2., 7 Code Colo. Regs. 1101-2.

¶ 13 Desta's appeal was filed more than 180 days late. The Panel found that the notice of the deputy's determination contained Desta's mailing address, was dated March 21, 2022, and specified an appeal due date of April 11, 2022. The Panel also found that the determination was uploaded to Desta's electronic account. There is

5

no indication that Desta didn't receive it at that time, or that filing a timely appeal was outside of his control. Therefore, the Panel held that the hearing officer's application of the regulations was correct.

¶ 14 The hearing officer and the Panel were required to apply the plain language of the regulations. *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when regulatory language is clear and unambiguous, it must be applied as written). And because we conclude that the Panel's decision was supported by the record and not erroneous, we must affirm it. *See Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17 (a reviewing court is bound by the hearing officer's and the Panel's findings of fact that are supported by substantial evidence in the record).

¶ 15 We observe that the Panel provided instructions to Desta concerning the process for pursuing a waiver of overpayment, but the record doesn't show whether a waiver has been requested. The Panel also noted that the Division is authorized to waive the overpayment if it determines repayment to be inequitable under section 8-81-101(4)(a)(I) and Department of Labor and Employment Regulation 15.2.2, 7 Code Colo. Regs. 1101-2 (outlining the process for requesting a waiver for overpayment). We express no opinion on

whether Desta remains eligible to seek a waiver of overpayment under the applicable statute and regulations.

## III. Disposition

¶ 16 The Panel's order is affirmed.

JUDGE FREYRE and JUDGE MEIRINK concur.