25CA0690 Guillen v ICAO 07-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0690
Industrial Claim Appeals Office of the State of Colorado
DD No. 33553-2024

---

Maritza Guillen,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 24, 2025

---

Maritza Guillen, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment compensation benefits case, claimant, Maritza Guillen, seeks review of a final order of the Industrial Claim Appeals Office (the Panel).  In its order, the Panel affirmed the hearing officer's decision dismissing Guillen's administrative appeal because of her failure to participate in two hearings.  We affirm.

## I.     Background

¶ 2     Guillen applied for unemployment compensation benefits.  In September 2024, a deputy for the Division of Unemployment Insurance (the Division) disqualified Guillen from receiving benefits under section 8-73-108(5)(e)(XVII), C.R.S. 2024 (failing to return to work as scheduled after an authorized leave).  Guillen appealed the deputy's decision, and the Division set a hearing on her administrative appeal for November 26, 2024.  But Guillen failed to participate in the hearing and her administrative appeal was dismissed.

¶ 3     Guillen requested a new hearing, which the Division set for December 31, 2024.  Guillen did not participate in that hearing either, and her administrative appeal was dismissed for failing to participate in the second hearing.  Guillen appealed the dismissal to the Panel, asserting that, at the scheduled time of the hearing,

1

she was "waiting on the phone call" but "it happened to be calls from unknown numbers" and she did not "deactivate the unknown number blocker."

¶ 4 The Panel affirmed the dismissal of Guillen's administrative appeal, observing that Guillen did not answer the calls for the second hearing despite three attempts to contact her. Two voicemails were also left for Guillen, one in English and another in Spanish, with instructions to return the call before 8:15 a.m. that day to avoid a dismissal. Because the Division didn't receive a return call by that time, her administrative appeal was dismissed.

¶ 5 The Panel also noted that the hearing notices sent to Guillen were printed in English and Spanish and specified that the call might come from an out-of-state number. The Panel concluded that, while Guillen's failure "to read the entire hearing notice may have been unintentional and unfortunate, we cannot find that a reasonably prudent claimant would have made the error." The Panel further determined that Guillen's failure to "listen to the voicemail messages left on her phone at the time of the hearing was within her control."

¶ 6    The Panel cited Department of Labor & Employment Regulation 12.1.3.5, 7 Code Colo. Regs. 1101-2, which provides that if a party who appeals a decision fails to participate for two scheduled hearings as directed, "the appeal shall be dismissed and the deputy's decision shall become final." The Panel concluded that the hearing officer correctly applied Regulation 12.1.3.5 in dismissing Guillen's administrative appeal.

## II.    Scope and Standard of Review

¶ 7    The scope of our review of the Panel's order is narrow. As relevant, the only issue that we may review is whether the Panel properly dismissed Guillen's administrative appeal due to her failure to appear at the two hearings. Further, we must affirm the Panel's order unless its findings of fact do not support its decision, or the decision is erroneous as a matter of law. § 8-74-107(6)(c)-(d), C.R.S. 2024; *see also Huddy v. Indus. Claim Appeals Off.*, 894 P.2d 60, 62 (Colo. App. 1995) (other than the powers inherent to any court, an appellate court's review of unemployment compensation orders is limited to the grounds provided in section 8-74-107).

III. Analysis

¶ 8    In her appeal to this court, Guillen makes the same argument she did to the Panel. She also asserts that the unemployment process "is something unique" and that she tried to understand the steps of the process, but nobody told her she needed to "unlock her phone to get whatever call from unemployment." She also says she returned the call to a number "with a 303-something area code" but that "the communication was bad."

¶ 9    After reviewing the record and applicable law, we conclude that the Panel correctly applied Regulation 12.1.3.5 in upholding the dismissal of Guillen's administrative appeal. If an administrative appeal is dismissed because an appealing party failed to appear at the first hearing, and the party requests a new hearing, "a rebuttable presumption of good cause shall be established and a new hearing shall be scheduled." Dep't of Lab. & Emp. Reg. 12.1.3.4, 7 Code Colo. Regs. 1101-2. In this case, good cause was presumed for Guillen's failure to successfully participate in the first hearing, and a second hearing was scheduled.

¶ 10   But Regulation 12.1.3.5 provides that "good cause may not be established for the failure of an appealing party to participate in a

second hearing as directed which was set because that party failed to participate as directed in the first hearing." Because Guillen failed to participate as directed in the second hearing, her administrative appeal was dismissed and the deputy's decision became final under Regulation 12.1.3.5.

¶ 11     The Panel was required to apply the plain language of the applicable regulations. *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when a regulation's language is clear and unambiguous, it must be applied as written). Because we conclude that the Panel's decision was supported by the record and not erroneous, we must affirm the Panel's decision. *See* § 8-74-107(6)(c)-(d).

## IV.   Disposition

¶ 12     The Panel's order is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.